HALL, Chief Judge.
The defendant, John Michael “Jim” Williams, was charged by bill of information with one count of simple burglary in violation of LSA-R.S. 14:62 and one count of felony theft over $500.00 in violation of LSA-R.S. 14:67. After a bench trial, defendant was found guilty as charged. He was given suspended sentences and placed on probation, with conditions of probation that he serve time in the parish jail. Subsequently, the sentences were ordered executed and to be served consecutively when defendant would not agree to the conditions of probation. This out-of-time appeal by defendant presents the following issues: (1) whether the trial court erred in failing to suppress defendant’s confession; (2) whether the evidence was insufficient to support findings of guilty; and (3) whether the sentences imposed were unconstitutionally excessive. For the reasons set forth herein, we affirm defendant’s conviction and amend and affirm defendant’s sentences.
FACTS:
On November 8, 1982, an employee of Tri-State Delta Chemical in Monroe, Louisiana arrived at work and noticed evidence that a burglary had occurred over the weekend. The compound gate was unlocked, an office window was broken, the office was ransacked, and part of the side of the warehouse was pried open. Over *144 $200,000.00 of agricultural chemicals and a $35,000.00 truck were missing.
Subsequent police investigation in Louisiana and Mississippi led to the arrest of defendant and several others in Mississippi. Defendant was advised of his Miranda rights upon arrest but refused to sign a waiver of rights form and refused to talk to the police at that time. After waiving extradition from Mississippi, defendant was transported to Monroe, Louisiana where he was again advised of his Miranda rights and signed a form acknowledging those rights. Defendant then gave a taped confession detailing his involvement in the burglary and theft at Tri-State.
SUPPRESSION OF THE CONFESSION
In his first assignment of error, defendant contends that the trial court erred in failing to grant his pre-trial motion to suppress his confession. Defendant argues that although he was informed of his Miranda rights and understood them, he did not intend to waive them and did not make a taped confession to the police. Therefore, he argues, the state failed to sustain its burden of proving that the confession was given freely and voluntarily. Although the record on appeal does not contain a transcript of the motion to suppress hearing, sufficient evidence was adduced at trial to determine this issue.
In State v. Birdsong, 452 So.2d 1236, 1248 (La.App. 2d Cir.1984), writ denied, 457 So.2d 1200 (La.1984), this court succinctly set forth the following requirements for the admissibility of a confession:
Before the State may introduce a confession into evidence, it must be affirmatively shown that it was freely and voluntarily given and not adduced by threats, promises, or coercion. La.R.S. 15:451; State v. Neslo, 433 So.2d 73 (La.1983); State v. Burkhalter, 428 So.2d 449 (La.1983); State v. David, 425 So.2d 1241 (La.1983). Where the defendant alleges police misconduct in reference to the statement, the State must specifically rebut these allegations. State v. Neslo, supra; State v. Serrato, 424 So.2d 214 (La.1982); State v. West, 408 So.2d 1302 (La.1982). Whether such a showing has been made is analyzed on a case-by-case basis with regard to the facts and circumstances of each case. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); State v. Benoit, 440 So.2d 129 (La.1983); State v. Lindsey, 404 So.2d 466 (La.1981), U.S. cert. denied, [464] U.S. [908], 104 S.Ct. 261, 78 L.Ed.2d 246. Where the accused is in custody, a prerequisite to admissibility of a confession is the advising of the accused of his constitutional rights and his intelligent waiver of those rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The trial court’s determination that a statement was free and voluntary is entitled to great weight and will not be disturbed unless it is not supported by the evidence. State v. Be-noit, supra, State v. Lindsey, supra.
At trial, Richard Medaries and Monroe Hilton, investigators with the Ouachita Parish Sheriff's Office, both identified the rights form which was read and explained to defendant and signed by defendant prior to making the taped statement. They also testified that defendant appeared to understand his rights and was neither threatened nor coerced to make the statement. The taped statement itself reflects that defendant was again advised of his Miranda rights once the taping began. More specifically, the tape shows that defendant was advised that he did not have to talk with the police officers if he did not want to do so. In the statement, defendant said he had completed the twelfth grade and could read and write the English language. The statement was very detailed as to the commission of the offenses and at no time did defendant indicate that he wished to discontinue talking. Defendant testified at trial that he signed a form acknowledging that he had been advised of his rights, but that it was not his signature on the rights form introduced at trial. Defendant also denied making the taped confession and denied any involvement in the burglary.
Defendant was advised of his Miranda rights several times prior to making *145 the taped confession. Defendant admits that he understood his rights. Defendant’s statement that he did not intend to waive his rights is not credible considering that defendant, who has a twelfth grade education and can read and write, knew and understood his rights and gave a detailed confession although he was aware that he did not have to talk to the police officers. There is considerable evidence that defendant did waive his rights and knowingly and voluntarily made the confession.
SUFFICIENCY OF THE EVIDENCE
In the second assignment of error, the defendant contends that the trial court erred in finding the defendant guilty of the charges because the evidence failed to prove: (1) defendant’s presence in Ouachita Parish at the time of the burglary; (2) defendant’s possession of the stolen chemicals; (3) defendant’s involvement in the offenses; (4) the value of the stolen chemicals; and (5) an entry into the premises of Tri-State with an intent to commit a felony or theft therein.
Defendant admitted that he went to TriState, located in Ouachita Parish, with several others to steal the chemicals and the truck. Defendant confessed that he helped pry open the side of the metal warehouse. He admitted entering the Tri-State office and looking for the truck keys. He backed the truck up to the warehouse and assisted in loading the chemicals into it. Defendant also drove the truck from a rest area near Monroe to Delhi, Louisiana. No effort was made to return any of the stolen items. This evidence establishes defendant’s presence in Ouachita Parish at the time of the offenses, his involvement in the commission of the offenses, and his intent to commit a felony or theft in the premises.
It was not necessary for the stolen chemicals to be in defendant’s possession in order to find him guilty of simple burglary and felony theft. LSA-R.S. 14:62 and 14:67. Furthermore, Jacqueline Holloway, Tri-State’s secretary/bookkeeper, testified that more than $200,000.00 worth of agricultural chemicals and a $35,000.00 ten-wheeler international diesel truck were missing from the premises. This testimony establishes the value of the stolen items. The evidence proves beyond a reasonable doubt that defendant was guilty of simple burglary and felony theft.
EXCESSIVENESS OF SENTENCE
By the remaining three assignments of error, the defendant contends that the trial court imposed an excessive sentence, failed to consider the mitigating factors of CCrP Art. 894.1, and failed to fully articulate its reasons for imposing the sentence. In particular, the defendant argues that his first felony status and steady work record merit a lesser sentence and that consecutive rather than concurrent sentences are not justified.
Defendant faced up to twelve years imprisonment with or without hard labor and a fine not exceeding $2,000.00 on the burglary charge. He was sentenced to serve nine years at hard labor, which was suspended, and defendant was placed on five years supervised probation. As a condition of this probation, defendant was ordered to spend eighteen months in the parish jail. On the felony theft conviction defendant was exposed to ten years imprisonment with or without hard labor and a $3,000.00 fine. He was sentenced to serve eighteen months at hard labor, which was suspended, and defendant was placed on five years supervised probation. As conditions of this probation, defendant was ordered to pay his pro rata share of $5,002.08, which represented the loss incurred by Tri-State, and to serve one year in the parish jail. Although the record is not entirely clear, it appears that the court ordered the sentences imposed as conditions of probation, as distinguished from the suspended sentences, to be served consecutively. Defendant did not agree to the terms of probation as required by LSA-C.Cr.P. Art. 899; therefore, the trial judge subsequently ordered execution of the original sentences and specifically directed that they be served consecutively.
*146 At the original sentencing hearing, the trial court found that the defendant had no prior criminal record and that his participation in the offense was limited. The court also considered the defendant’s steady work record and regular church attendance in mitigation. As aggravating factors, the court considered defendant’s limited experimentation with marijuana and defendant’s age of twenty-eight which precluded him from being considered a youthful offender.
The trial judge adequately complied with the sentencing guidelines of LSA-C. Cr.P. Art. 894.1 and sufficiently articulated his reasons for sentencing. The articulation and reasons, particularly the seriousness of the offenses, justify the terms of imprisonment imposed. However, considering the mitigating circumstances noted by the trial court in originally suspending the sentences imposed, there is not sufficient justification for ordering the sentences to be served consecutively rather than concurrently.
When a defendant is convicted of more than one offense all of which were part of the same act, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. LSA-C.Cr.P. Art. 883.
Because the function of the consecutive sentence should be similar to the sentence imposed on habitual or dangerous offenders, sentences for crime arising from a single course of conduct should be concurrent rather than consecutive, absent a showing that the offender poses an unusual risk to the safety of the public. State v. Sherer, 437 So.2d 276 (La.1983); State v. Franks, 373 So.2d 1307 (La.1979), U.S. cert. denied, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981); State v. Underwood, 353 So.2d 1013 (La.1977). However, consecutive sentences for offenses arising from a single course of conduct will not necessarily be found to be excessive; other factors must be considered. State v. Ortego, 382 So.2d 921 (La.1980).
Defendant had no prior record and there was no showing that he posed a particular danger to the public safety. Therefore, there was no particular justification for directing that the nine years and the eighteen months hard labor sentences be served consecutively rather than concurrently contrary to the usual rule that concurrent rather than consecutive sentences are more appropriate for convictions arising out of a single course of criminal conduct. Accordingly, the sentences as ordered executed will be amended to show that they are to be served concurrently.
DECREE
Defendant’s convictions for simple burglary and felony theft are affirmed. Defendant’s sentences for these convictions as ordered executed are amended to reflect that they are to be served concurrently rather than consecutively, and as amended are affirmed.
CONVICTIONS AFFIRMED, SENTENCES AMENDED AND AFFIRMED AS AMENDED.