583 So.2d 1200 (1991)
STATE of Louisiana
v.
John S. LINDSEY.
No. KA 90 1178.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
Rehearing Denied September 4, 1991.
*1202 Washington Parish District Atty., Franklinton, Bill Campbell, New Orleans, for plaintiff State.
James Looney, Covington, for defendant John Lindsey.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
LANIER, Judge.
The defendant, John S. Lindsey, was charged by bill of information with three counts of possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. He pled not guilty.[1] After trial by jury, he was acquitted on Count 1; he was found guilty as charged on Count 2; and he was found guilty of the responsive offense of attempted possession of a firearm by a convicted felon, a violation of La.R.S. 14:27 and 95.1 on Count 3. On Count 2, the defendant was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence; on Count 3, he was given a consecutive sentence of five years at hard labor. This appeal followed.

FACTS[2]
At approximately 3:30 p.m. on May 3, 1989, Sherry Byrd and her thirteen year old daughter, Jennifer Stevens, were waiting for a red light at the intersection of Columbia Street and Willis Avenue in Bogalusa, Washington Parish, Louisiana. Mrs. Byrd looked in her rearview mirror and noticed a blue pickup truck directly behind her. She saw the defendant get out of the truck and walk toward her car. He was carrying a pistol. Her daughter also turned around and saw the defendant walking toward them with a pistol. Mrs. Byrd accelerated through the intersection and made a left turn. The defendant got back in his truck and followed her for a short distance before turning away. Mrs. Byrd immediately drove to the Washington Parish Sheriff's Department and reported this incident. This formed the basis of the charge in Count 2.
The following day, May 4, Bogalusa city police officers went to the defendant's residence with a search warrant and an arrest warrant. During a search of the defendant's residence, they located two pistols, two shotguns, and one rifle. The defendant lived in a two bedroom house with his mother, Melanie Rushing. One pistol, a .32, was found in Mrs. Rushing's bedroom. This pistol was later returned to her when she produced a store receipt for it. However, a Colt .45 automatic was found underneath the defendant's mattress. It was loaded and cocked, with the safety on. The two shotguns and the .30 rifle were also found in the defendant's bedroom, along with some ammunition and clips. The seizure of these weapons led to the charge in Count 3.
At the trial, the defendant's status as a felon was clearly established. He was on parole at the time of the instant offenses. Mrs. Byrd and her daughter both testified about the incident which took place on the afternoon of May 3. Several police officers and the defendant's parole supervisor testified about the defendant's prior convictions, his parole conditions, the two bedroom house where the defendant lived, and the items seized during the search of his house on May 4.
The defense theory of the case was that all of the guns seized from the defendant's bedroom previously belonged to his father, who is deceased. Mrs. Rushing testified that the .32 pistol was hers and that it was seized from her bedroom. She testified that all of the other guns had belonged to her husband. After his death, they were kept in the living room closet.
*1203 Angie Dickinson testified that she had been living with the defendant and his mother since April of 1988. She testified that the defendant had gone fishing on May 2, and that he did not return until approximately noon of May 4. While he was gone, she kept the .45 automatic in the bedroom for protection. She also testified that on May 3, 1989, she removed the shotguns and the rifle from the living room closet and placed them in the bedroom because she intended to clean them. This explained why these guns were found in their bedroom by the police on May 4.
The defendant also testified that the .32 pistol belonged to his mother and that the remaining guns had belonged to his father and were kept in the living room closet. The defendant testified that he never possessed any of these weapons. He also testified that he had gone fishing on May 2, and that he did not return until approximately noon of May 4. He specifically stated that he did not see Mrs. Byrd and her daughter in Bogalusa on May 3, and that he did not know the guns were in his bedroom when he returned from the fishing trip on May 4.

DOUBLE JEOPARDY

(Assignment of error 1)
The defendant contends that the trial court erred in denying his motion in arrest of judgment. The motion was based on the argument that the instant convictions constituted a double jeopardy violation. La.C.Cr.P. arts. 591-598; 859(6). La. R.S. 14:95.1(A) provides, in pertinent part:
It is unlawful for any person who has been convicted of [certain enumerated felonies] to possess a firearm....
The defendant contends that, as noted in Official Revision Comment (d) to Article 596, some offenses, such as possession of stolen goods or narcotics, may continue over a long period of time and may involve more than one object. Citing U.S. v. Rosenbarger, 536 F.2d 715 (6th Cir.1976), cert. denied, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977) and U.S. v. Jones, 533 F.2d 1387 (6th Cir.1976), cert. denied, 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977), he argues that his possession of these weapons constituted a single course of conduct and warranted only a single punishment. He also relies on these cases for the proposition that La.R.S. 14:95.1 does not define an "appropriate unit of prosecution." He concludes that this "ambiguity" requires the reversal of one of his two convictions.
U.S. v. Jones is distinguishable from the instant case. Jones, a convicted felon, was convicted of three counts of violating a federal firearms statute because he possessed the same gun on three separate occasions. On appeal, Jones argued that only one offense was committed because of his continuous and uninterrupted possession of the same gun. The U.S. 6th Circuit agreed and concluded that Jones could be convicted and sentenced on only one count of possession of a firearm. In the instant case, had the defendant possessed only the Colt .45 automatic on both May 3 and May 4, Jones would be persuasive authority for the proposition that a double jeopardy violation exists. However, the defendant was convicted on Count 2 solely on the basis of his possession of the Colt .45 automatic on May 3, while his conviction on Count 3 was based on the possession of several guns which were found during the search of his bedroom on May 4.
In Rosenbarger, the defendant, a convicted felon, was convicted on three counts of possession of firearms. All three guns were seized during a search of his house. The U.S. 6th Circuit, analyzing the particular federal firearms statute in question, 18 U.S.C. App. § 1202(a)(1), concluded that the statute was ambiguous as to the "appropriate unit of prosecution" and that this ambiguity should be resolved in favor of the defendant. Rosenbarger concluded that Section 1202(a)(1) contained an ambiguous "unit of prosecution" because the statute contained the phrase "any firearm". In numerous cases, which we need not cite here, other federal appellate courts have reached a similar conclusion based on this analysis of 18 U.S.C.App. § 1202 and other, similarly worded firearm statutes. However, we find these cases to be distinguishable *1204 because La.R.S. 14:95.1 refers to "a firearm", rather than "any firearm". In Sanders v. U.S., 441 F.2d 412 (10th Cir.), cert. denied, 404 U.S. 846, 92 S.Ct. 147, 30 L.Ed.2d 82 (1971), the federal firearms statute under analysis, 26 U.S.C. § 5861(d), contained the phrase "a firearm". In Sanders, the U.S. 10th Circuit found the use of the article "a" rendered the unit of prosecution unambiguous. See also U.S. v. Nichols, 731 F.2d 545, 546-547 (8th Cir.), cert. denied, 469 U.S. 1085, 105 S.Ct. 589, 83 L.Ed.2d 699 (1984); U.S. v. Valentine, 706 F.2d 282 (10th Cir.1983); U.S. v. Rosenbarger, 536 F.2d at 721 n. 8.
Because La.R.S. 14:95.1 refers to "a" firearm rather than "any" firearm, we find Sanders to be persuasive authority for our conclusion that La.R.S. 14:95.1 is unambiguous as to the unit of prosecution. Therefore, we find that a convicted felon who possesses multiple firearms can be convicted and sentenced for each firearm in his possession. Accordingly, we find no double jeopardy violation herein and conclude that the trial court correctly denied the defendant's motion in arrest of judgment.
This assignment of error is without merit.

EXCESSIVE SENTENCE

(Assignment of error 2)
The defendant contends that the trial court erred in imposing excessive sentences.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). A sentence review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182 (La.App. 1st Cir.1988). The trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469 (La.App. 1st Cir.1990).
Before imposing sentence, the trial court briefly reviewed the facts of these offenses. The trial court also reviewed the defendant's criminal record which showed he had two felony convictions for simple burglary and one felony conviction for the possession of codeine. Further, the trial judge stated, "What he did in this case was to terrorize some witnesses. This was obstructing justice in its worst form. It's a very serious crime." The trial court found that the defendant's character and attitude had not changed since his last conviction. The trial court stated that there was an undue risk that the defendant would commit further offenses and concluded that he was in need of correctional treatment. In our view, the trial court adequately complied with the Article 894.1 guidelines.
For his conviction of possession of a firearm by a convicted felon (Count 2), the defendant received the maximum sentence of ten years at hard labor without benefit of parole, probation, or suspension of sentence. La.R.S. 14:95.1(B). For his conviction of attempted possession of a firearm by a convicted felon (Count 3), the defendant received a consecutive, maximum sentence of five years at hard labor.[3] La.R.S. 14:27(D)(3) and 95.1(B). The maximum sentence should be imposed only in *1205 cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983). Furthermore, the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct. La.C.Cr.P. art. 883; State v. Buie, 477 So.2d 157 (La.App. 1st Cir.1985). However, even if the convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive. Other factors must be taken into consideration in making this determination. State v. Ferguson, 540 So.2d 1116 (La.App. 1st Cir. 1989). For instance, consecutive sentences are justified when the offender poses an unusual risk to the safety of the public due to his past conduct or repeated criminality. State v. Grimes, 527 So.2d 1079 (La.App. 1st Cir.), writ denied, 533 So.2d 15 (La. 1988).
The defendant does not contest the individual severity of either sentence. Instead, he argues that the trial court erred in imposing consecutive sentences. In his brief to this Court, the defendant states:
Admittedly viewed alone, these sentences are supported jurisprudentially. There simply is not sufficient aggravation of these offenses to require consecutive sentences. The sentences should be set aside and the case remanded for imposition of concurrent sentences.
(Defendant's brief p. 8)
The trial court was justified in imposing consecutive, maximum sentences for the instant offenses. Considering the defendant's criminal record, the circumstances of these offenses, and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentences imposed.
This assignment of error is without merit.

PREMATURITY OF SENTENCING

(Assignments of error 3 and 4)
In assignment of error number three, the defendant contends that the trial court erred in failing to consider his motion for new trial prior to sentencing. In assignment of error number four, the defendant contends that the trial court erred in sentencing him without a waiver of the twenty-four hour waiting period provided for in La.C.Cr.P. art. 873.
At a single hearing on November 10, 1989, the trial court considered and denied the defendant's motions for arrest of judgment, post-verdict judgment of acquittal, and new trial. The trial court also sentenced the defendant at this hearing. However, as correctly noted by the defendant, the trial court actually sentenced him before ruling on his motion for new trial. Citing State v. Randolph, 409 So.2d 554 (La.1982), on rehearing, and State v. Magee, 496 So.2d 562 (La.App. 1st Cir.1986), he contends that the sentences must be vacated and the case remanded.
In Randolph and Magee, there was never a ruling by the trial court on the motion for new trial. For this reason, these cases had to be remanded to allow consideration of the motion for new trial and a ruling thereon. In the instant case, the trial court ruled on the motion for new trial, albeit after first imposing sentence. Therefore, Randolph and Magee are distinguishable.
Further, the defendant did not enter a contemporaneous objection to the trial court's failure to rule on his motion for new trial before sentencing.
When the trial court asked if the defendant was ready for sentencing, defense counsel replied in the affirmative. (Transcript pp. 223-224). Therefore, the defendant's failure to enter a contemporaneous objection precludes him from complaining of this error on appeal. La.C.Cr.P. art. 841. In State v. Williams, 524 So.2d 746 (La.1988), the court observed: "[T]he very basis of the contemporaneous objection requirement (and of the prohibition against raising unobjected to errors on appeal) is to require the objecting party to call the error to the court's attention at a time when the court can effectively correct it." In the instant case, the trial court was obviously operating under the mistaken impression that a motion for new trial was premature until after sentencing. (Transcript p. 220). A simple defense objection and a quick *1206 reference to La.C.Cr.P. art. 853 could have easily corrected this error. Finally, the defendant has not alleged, nor do we find, any prejudice resulting from the denial of his motion for new trial after sentencing. Since the motion was denied immediately after sentencing, we fail to see how any prejudice could have occurred.
The trial court did not wait twenty-four hours after the denial of the defendant's motion for new trial before imposing sentence, as required by La.C.Cr.P. art. 873. Nevertheless, citing State v. Mason, 447 So.2d 1134 (La.App. 1st Cir.1984), which holds that such failure on the part of the trial court is harmless error where the defendant does not show actual prejudice, the defendant has admitted the absence of prejudice and has abandoned this assignment of error.
By failing to enter a contemporaneous objection when the trial court indicated that it would sentence the defendant before ruling on his motion for new trial, and by announcing a readiness for sentencing, we find an implicit waiver by the defendant of the twenty-four hour waiting period required by Article 873.
These assignments of error are without merit.

DECREE[4]
For the foregoing reasons, the convictions and sentences of the defendant are affirmed.
AFFIRMED.
GONZALES, J., dissents.
GONZALES, Judge, dissenting
I respectfully dissent from that portion of the majority opinion which affirms the imposition of consecutive sentences for the defendant herein; in all other respects, I agree with the majority opinion. Ordinarily, concurrent rather than consecutive sentences should be imposed, especially where the convictions arise out of the same course of conduct within a relatively short period, and absent a showing that the offender poses an unusual risk to the safety of the public. State v. Sherer, 437 So.2d 276 (La. 1983). See also State v. Cathey, 569 So.2d 627 (La.App. 2d Cir.1990); State v. Washington, 550 So.2d 287 (La.App. 4th Cir. 1989); State v. Williams, 499 So.2d 142 (La.App. 2d Cir.1986). I believe that the facts shown at trial indicate that these offenses all arose out of the same course of conduct occurring over a short time period. Additionally, it was not established that the defendant posed an unusual risk to the safety of the public. And, considering the defendant's youthful age at the time of these offenses, twenty-three, consecutive sentences, amounting to a fifteen year jail term, do not seem appropriate in this case.
Accordingly, I would amend the sentences to run concurrently.
NOTES
[1] Immediately before trial, the prosecutor amended the date of the offense charged in Count 1 from April 23 to April 22. The court minutes do not indicate that the defendant was rearraigned after the amendment. Nevertheless, failure to rearraign the defendant was waived, since the defendant did not object before trial. La.C.Cr.P. art. 555; State v. Delatte, 504 So.2d 1067 (La.App. 1st Cir.1987).
[2] The facts concerning Count 1 for which the defendant was acquitted are not discussed herein.
[3] We note patent sentencing error. Although the trial court properly imposed sentence on Count 2 without eligibility for parole, probation, or suspension of sentence, the sentence for Count 3 merely provided for imprisonment at hard labor for a period of five years. This sentence also should have included ineligibility for parole, probation, or suspension of sentence. See La.R.S. 14:27(D)(3) and 95.1(B). Additionally, both convictions required the imposition of a fine as well as imprisonment. See La.R.S. 14:95.1(B). However, a fine was not imposed for either conviction. On appeal, however, this Court cannot correct such illegally lenient sentences. State v. Fraser, 484 So.2d 122 (La. 1986).
[4] Additionally, in his brief to this Court, although not an assignment of error, the defendant made a request for patent error review. This Court routinely reviews the record for errors patent, whether or not such a request is made by a defendant. Under La.C.Cr.P. art. 920(2), we are limited in our patent error review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible patent errors.