CRAIG J. BIAGAS, JR.        *        NO. 2024-C-0327

VERSUS                 *

                           COURT OF APPEAL

FRENCH PRESS         *

COFFEEHOUSE OF                FOURTH CIRCUIT

CHALMETTE, L.L.C. AND    *

ALDON JACARUS SMITH       STATE OF LOUISIANA

               * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-0761, DIVISION "C"
Honorable Kim C. Jones, Judge Presiding
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Joy Cossich Lobrano)

Branden Villavaso
Nicholas S. Linder
631 St. Charles Avenue
New Orleans, LA  70130

      COUNSEL FOR RELATOR

Zara Zeringue
527 East Boston Street, Suite 201
Covington, LA  70433

      COUNSEL FOR RESPONDENT

               **WRIT GRANTED IN PART;
               DENIED IN PART**
                    **June 27, 2024**

*TFL*

*RLB*

*JCL*

Relator, Aldon Jacarius Smith, seeks review of (1) the trial court's May 7, 2024 judgment which "denied" as untimely Relator's Notice of Intent to Seek Supervisory Writ and Order Setting Reurn Date ("notice of intent') from the trial court's written judgment of May 2, 2024; and (2) the underlying May 2, 2024 judgment which denied Relator's Motion to Nullify Petitioner's Second Supplemental and Amending Petition for Damages and Exceptions of No Right of Action, Insufficiency of Service of Process, and *Res Judicata* ("Motion to Nullify') filed on behalf of Respondent, Criag J. Biagas, Jr.

Upon review, we find that Relator timely filed his notice of intent within five days of the trial court's written judgment of May 2, 2024, which denied Relator's Motion to Nullify. Moreover, the trial court properly denied Relator's Motion to Nullify as Respondent was not barred from amending his original suit to add Relator as a defendant. Accordingly, Relator's writ application is granted in part and denied in part.

**ERROR NO: 1—Timeliness of Notice of Intent**

We first consider the timeliness of Relator's notice of intent.

1

The trial court orally denied Relator's Motion to Nullify on March 21, 2024, and ordered Respondent's counsel to "prepare a judgment and circulate and I will sign same." After the judgment was circulated, the trial court signed the written judgment on May 2, 2024. Relator filed his notice of intent on May 7, 2024. The trial court denied the notice as "untimely" and declined to set a return date.

Rule 4-3 of the Uniform Rules of the Courts of Appeal governs the time period for settling return dates for supervisory writs, declaring in relevant part that "[t]he return date in civil cases shall not exceed 30 days from the date of notice of the judgment, as provided in La. C.C.P. art. 1914." Louisiana Code of Civil Procedure Article 1914(A) provides that that "the rendition an interlocutory judgment in open court constitutes notice to all parties." In conjunction therewith, La. C.C.P. art. 1914(B) states that "[t]he interlocutory judgment shall be reduced to writing if the court so orders . . . ."

In those matters where a written judgment is contemplated by all parties, the date of the ruling at issue for purposes of Rule 4-3 is the date that notice of the written judgment was submitted. *See Kosmitis v. Bailey*, 1996-1573, pp. 1-2 (La. 10/4/96), 680 So.2d 1167. Here, the trial court's written judgment was signed on May 2, 2024 and Relator filed his notice of intent on May 7, 2024—well within the 30 day period for timeliness as provided by Rule 4-3. Thus, Relator's notice of intent was timely. Accordingly, we grant Relator's writ as it pertains to the trial court's denial of Relator's notice of intent as untimely and its refusal to set a return date.

Having determined that Relator's notice of intent was timely, we now review the merits of the trial court's denial of Relator's Motion to Nullify.

**ERROR NO: 2—MOTION TO NULLIFY**

Procedural/Factual History

Respondent initially filed a petition for damages against Relator and French Press Coffeehouse of Chalmette, L.L.C. ("French Press") for damages for assault and battery, negligent infliction of emotional distress, and intentional infliction of emotional distress on May 18, 2021. Respondent timely served French Press. However, Respondent withheld service on Relator based on an inability to obtain Relator's address. Respondent filed a first supplemental and amending petition on March 28, 2022, which added employees of French Press as defendants and served Relator with the original and supplemental petition in June 2023. Relator filed a motion for involuntary dismissal based on Respondent's failure to timely request service of citation. The trial court sustained Relator's exceptions and dismissed Relator without prejudice from the lawsuit on November 17, 2023. The day before the dismissal, Respondent obtained permission from the remaining defendant, French Press, to file a second supplemental and amending petition for damages in which he added the dismissed Relator as a defendant. Thereafter, Relator filed the Motion to Nullify.

After a March 21, 2024 hearing, the trial court overruled Relator's exceptions and denied the Motion to Nullify. The trial court ruled:

> It's clear that under the Code of Civil Procedure Article 923 that any judgment based on a dismissal on a dilatory exception should be without prejudice. Without prejudice means that it merely retorts progress of the action rather than defeats it. Reviewing Article 1151, it's clear that because French Press provided written consent it was the adverse party at the time that the petition was amended, that the petition could be amended and supplemented without leave of court, that pursuant to 1673, in part, it's clear that the judgment of dismissal doesn't bar the actions. It says another suit on the same cause of action. But in reviewing the jurisprudence including jurisprudence in the Fourth Circuit, they have said that they interpret the word

"reinstitute" to mean reestablish. When there are other viable defendants remaining in the original suit, that a new suit is not required. And where a viable defendant remains in the existing lawsuit, it's unnecessary and, in fact, they say burdensome to file a new suit which would then later be consolidated. So for judicial efficiency purposes, I think it is proper and the court is going to deny the Motion to Nullify based on those reasons.

Discussion

In *Barracliff v. E. Jefferson Gen. Hosp.*, 583 So.2d 1200 (La. App. 4th Cir. 1991), this Court affirmed the judgment of a trial court which ruled that the dismissal of a matter for lack of timely request for service was not a final judgment that precluded amendment of a suit thereafter, emphasizing that pursuant to La. C.C.P. art. 1673, an amended pending suit to join the same previously dismissed defendants is not barred where a viable defendant remained in the original suit.

The *Baracliff* Court reasoned:

> Louisiana Code of Civil Procedure Art. 1673 states that in pertinent part that "... a judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." The Official Revision Comment notes that "(a) case dismissed without prejudice can be reinstituted; the judgment is neither final or [sic] definitive." We interpret the word "reinstitute" to mean "reestablish". The wording "shall not constitute a bar to another suit" in LSA-C.C.P. Art. 1673 does not necessarily mean that a pending suit amended to join the same defendants shall be barred. Where there are no other viable defendants remaining in the original suit, a new suit is required. Louisiana C.C.P. Art. 933's general rule-that if a dilatory exception pleading prematurity is sustained, the suit shall be dismissed-is mandated where no co-defendant tortfeasors remain in the original suit. However, where a viable defendant remains in an existing lawsuit, it is an unnecessary and useless act to require plaintiffs to file a new suit and then move to consolidate the cases, warranting a wasteful, burdensome procedure. We find no prejudice to the rights of the other parties in allowing plaintiffs to amend their original petition to join additional defendants who have been dismissed without prejudice when a viable defendant remains in an existing lawsuit.

*Barracliff*, 573 So.2d at 1203.

In this case, as in *Barracliff*, Relator was initially dismissed without prejudice for lack of timely request for service. The dismissal was not a final judgment. The original petition was not dismissed, and a viable defendant, French Press, remained in the existing lawsuit. Thus, Respondent was not barred from amending the original petition by adding Relator in his second supplemental and amending petition.

Accordingly, finding no error in the trial court's judgment, we deny Relator's writ application as it pertains to the denial of Relator's Motion to Nullify.

**DECREE**

Based on the forgoing reasons, we grant Relator's writ, in part, which denied Relator's notice of intent as untimely and deny Relator writ, in part, which sought relief from the trial court's judgment which denied Relator's Motion to Nullify.

**WRIT GRANTED IN PART;**
**DENIED IN PART**

5