409 So.2d 554 (1981)
STATE of Louisiana
v.
Harold G. RANDOLPH and Clarence Randolph.
No. 81-KA-1176.
Supreme Court of Louisiana.
December 4, 1981.
On Rehearing February 5, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Judith Lombardino, Asst. Dist. Attys., for plaintiff-appellee.
Milton P. Masinter, William J. O'Hare, III, Michael S. Gallagher, Perry St. Raymond, for defendants-appellants.
PER CURIAM.
Defendants were charged together by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury on November 6, 1979, they were both found guilty as charged. Thereafter, the state filed an information against Clarence Randolph under the multiple offender provisions of La.R.S. 15:529.1. On the same day, November 16,1979, counsel for Harold Randolph filed a motion for a new trial urging several grounds for setting aside the jury's verdict with respect to his client. On January 30, 1980, the defendants then came before the trial court for sentencing. The court sentenced Clarence Randolph as a second offender to twenty-four (24) years' imprisonment at hard labor and his brother Harold to twelve (12) years' imprisonment, also at hard labor. Defendants have now appealed their convictions and sentences to this Court, requesting a review of the record for errors patent.
We have reviewed the pleadings and proceedings in this case, and find no error with regard to the conviction and sentence of Clarence Randolph. However, counsel for Harold Randolph has called our attention to an error in his defendant's sentencing. The minutes do not reflect that the trial court ruled on the application for a new trial before the hearing on January 30, 1980. La.C.Cr.P. Art. 853 provides in this regard that "[a] motion for a new trial must be filed and disposed of before sentence." [emphasis supplied] Counsel has alleged no specific prejudice arising out of the apparent failure of the trial court to rule on the motion. See, State v. White, 404 So.2d 1202 (La. 1981). Nevertheless, it is preferred, and Art. 853 requires, that the trial judge rule on the merits of an application for a new trial before imposing sentence on defendant. Therefore, while we affirm Clarence Randolph's conviction and sentence, we vacate the sentence of Harold Randolph and remand his case to the trial court for consideration of the new trial motion. In the event of an unfavorable ruling on the motion, and resentencing, we reserve to defendant his right to appeal his conviction and sentence once more to this Court.
CONVICTION AND SENTENCE OF CLARENCE RANDOLPH AFFIRMED.
SENTENCE OF HAROLD RANDOLPH VACATED AND CASE REMANDED.

*555 ON APPLICATION FOR REHEARING BY DEFENDANT CLARENCE RANDOLPH
Defendant Clarence Randolph along with his brother Harold was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury on November 6, 1979, they were both found guilty as charged. Thereafter, the state filed an information against Clarence Randolph under the multiple offender provision of La.R.S. 15:529.1. That same day November 16, 1979, both defendants Harold and Clarence Randolph filed motions for a new trial. On January 30,1980, both defendants came before the trial judge for sentencing. The court sentenced Clarence Randolph as a second offender to twenty-four (24) years' imprisonment, at hard labor and his brother Harold to twelve (12) years' imprisonment, also at hard labor. Both defendants appealed their convictions and sentences to this Court, requesting a review of the record for errors patent.
We affirmed the conviction and sentence of Clarence Randolph. However we noted in the opinion that because the minutes did not reflect that the trial court ruled on Harold Randolph's application for a new trial before the sentencing hearing on January 30, 1980, we vacated the sentence of Harold Randolph and remanded his case to the trial court for consideration of the new trial motion, with reservation, in the event of an unfavorable ruling, of his right to appeal once more to this Court. In this application for rehearing, Clarence Randolph argues that his sentence likewise should have been vacated and we agree.
Clarence as well as Harold filed a motion for a new trial on November 16, 1979 and the minutes of the trial court do not reflect that the court ruled on Clarence Randolph's application for a new trial before the January 30, 1980 sentencing hearing just as was the case as regards to Harold. La.C.Cr.P. art. 853 provides that "[a] motion for a new trial must be filed and disposed of before sentence." (emphasis supplied) Therefore, La.C.Cr.P. art. 853 requires that the trial judge consider the merits of an application for a new trial before imposing sentence on a defendant, if necessary, and before consigning him to direct review of his conviction in this Court.
Therefore defendant's application for rehearing is granted. We vacate our prior judgment as it concerns Clarence Randolph. His case just as we did on original hearing as regards to his brother Harold is remanded to the trial court for a ruling on the motion for a new trial and resentencing, if necessary. In the event of an unfavorable ruling on the motion and resentencing, we reserve to defendant his right to appeal his conviction and his sentence once more to this Court.
AFFIRMANCE OF CONVICTION AND SENTENCE OF CLARENCE RANDOLPH VACATED; SENTENCE OF CLARENCE RANDOLPH VACATED AND CASE REMANDED.