CUTRER, Judge.
MOTION TO REMAND
Defendant, Timothy Gaspard, was charged by bill of information of possession of marijuana — fourth offense, in violation of LSA-R.S. 40:967. After trial by jury on October 28, 1982, he was found guilty as charged. On December 20,1982, defendant moved through his attorney, who was appointed to represent him on appeal, for a new trial based on LSA-C.Cr.P. art. 851(5). Defendant was sentenced on February 23, 1983, and on March 2, 1983, defendant’s motion for an appeal was granted. Defendant now appears before this Court and moves that his case be remanded to the trial court inasmuch as a hearing was never held on the motion for a new trial. This motion should be granted.
A similar situation arose in State v. Harold Randolph, 409 So.2d 554 (La.1982), wherein the Court ruled:
“However, counsel for Harold Randolph has called our attention to an error in his defendant’s sentencing. The minutes do not reflect that the trial court ruled on the application for a new trial before the [multiple offender] hearing on January 30, 1983. La.C.Cr.P. art. 853 provides in this regard that ‘a motion for a new trial must be filed and disposed of before sentence.’ Counsel has alleged no specific prejudice arising out of the apparent failure of the trial court to rule on the motion. See: State v. White, 404 So.2d 1202 (La.1981). Nevertheless, it is preferred, and Art. 853 requires, that the trial judge rule on the merits of an application for a new trial before imposing sentence on defendant. Therefore, ... we vacate the sentence of Harold Randolph and remand his case to the trial court for consideiation of the new trial motion. In the event of an unfavorable ruling on the motion, and resentencing, we reserve to defendant his right to appeal his conviction and sentence once more to this Court.” (Emphasis supplied.)
In the instant case, the defendant’s motion for a new trial was not disposed of before sentence. Therefore, under Randolph, the trial court erred in sentencing Gaspard before it had heard and ruled on the motion for a new trial. Hence, defendant’s sentence should be vacated and the case remanded to the trial court for consideration of the new trial motion.
For these reasons, the sentence shall be vacated and the suit remanded for further proceedings according to law.