PONDER, Judge.
Defendant was charged by indictment with attempted aggravated rape in violation of La.R.S. 14:27 and 14:42. After trial by jury, defendant was convicted on May 30, 1981 of attempted forcible rape. He was sentenced on February 14, 1983 to fifteen years at hard labor, with seven and one-half years to be served without benefit of probation, parole or suspension.
The only assignment of error on appeal is a review of the record for errors patent.[1]
We have reviewed the pleadings and proceedings and have found a problem concerning a motion for new trial.
The record contains an undated motion for new trial, alleging ten grounds of error, which was signed by defendant’s counsel at trial on the merits.
The trial judge’s statements at the sentencing, referring to a cover letter, indicated that the motion could have been filed on June 9, 1981.
A minute entry indicates that a hearing was held on July 7, 1981 to consider an application for bond reduction and sentencing. Counsel, at that hearing, filed a notice of intent to file writs to the Supreme Court on the denial of bond reduction and made *301 an amended motion for new trial on a new basis not previously alleged.[2] After argument, the minutes indicate the motion for new trial was denied. There is no minute entry or transcript indicating that there was a hearing on or denial or withdrawal of the motion for new trial filed of record.[3]
A motion for new trial must be tried contradictorily with the district attorney. La.C.Cr.P. art. 852. While a motion for new trial should urge all grounds known and available to the defendant at the time of the filing, the court may permit the defendant to supplement his original motion by urging an additional ground or may permit the defendant to file an additional motion prior to the court’s ruling on the original motion. La.C.Cr.P. art. 856.
While the denial of the motion in the minute entry could have covered the motion in the record, such a finding is not indicated by the record, particularly since the hearing was held, in part, for sentencing.
Counsel has alleged no specific prejudice arising out of the apparent failure of the trial judge to rule on the motion. However, it is preferred, considering La.C.Cr.P. art. 853,[4] that the trial judge rule on the merits of an application for new trial prior to sentencing. State v. Randolph, 409 So.2d 554 (La.1981).
We also note that defendant and his new counsel argued at sentencing that a motion to consider new evidence was granted and that sentencing was improper. Such a motion would be a motion for new trial under La.C.Cr.P. art. 851(3) and must be made in writing. La.C.Cr.P. art. 852. We find no such motion of record; that argument is without merit. However, since we are remanding the case, and, at sentencing the trial judge stated that he thought defendant was correct in his argument, we also order a consideration of that motion if filed.
While we affirm defendant’s conviction, we vacate his sentence and remand the case to the trial court for consideration of the new trial motion. If defendant should receive an unfavorable ruling on the motion and resentencing, we reserve to defendant his right to appeal his conviction once more to this Court.
CONVICTION AFFIRMED, SENTENCE VACATED AND CASE REMANDED.

. A late brief was filed by defendant, acting as his own counsel, in which he alleged as error the same ten grounds asserted in our prior motion for new trial. Due to our decision in this case, we need not reach those issues at this time.

. Defendant’s counsel alleged that statements made by the State during the trial were based on information taken from papers written by the defendant and taken by the sheriff’s office and previously suppressed by the court.

. The Clerk of Court’s office in Washington Parish was contacted to make sure the entire record was before the Court. The trial judge, at the sentencing hearing evidently construed the minute entry of the prior hearing denying the motions for new trial, however, the judge admitted that his memory of what occurred was vague.

. La.C.Cr.P. art. 853:
A motion for a new trial must be filed and disposed of before sentence. The court, on motion of the defendant and for good cause shown, may postpone the imposition of sentence for a specified period in order to give the defendant additional time to prepare and file a motion for a new trial.
When the motion for a new trial is based on ground (3) of Article 851, the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed; but if an appeal is pending the court may hear the motion only on remand of the case.