496 So.2d 562 (1986)
STATE of Louisiana
v.
Barron MAGEE.
No. 86 KA 0143.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
David J. Knight, Asst. Dist. Atty., Covington, William Campbell, Jr., New Orleans, for appellee.
Frank Sloan, Office of Indigent Defender, Covington, for appellant.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
Defendant, Barron Magee, was charged by bill of information with the possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1. He entered a plea of not guilty and elected to be tried by a jury. Defendant was convicted as charged and was subsequently sentenced to serve ten years at hard labor without the benefit of probation, parole or suspension of sentence. He appealed, urging two assignments of error:
1. The trial court erred in excluding testimony relating to the defense of justification.
2. The trial court erred by permitting the state to prosecute defendant for the instant offense after a jury had acquitted him of a homicide arising from the same incident.
Because of error patent on the face of the record, we find that the sentence imposed must be vacated and that this matter must be remanded to the trial court. We do not comment, therefore, on the merits of defendant's arguments.
The scope of appellate review includes those errors discoverable by a mere inspection of the pleadings and proceedings. LSA-C.Cr.P. art. 920. The record reflects that defendant was convicted on September 9, 1985. Thereafter, he filed a motion for a new trial and a motion for a post verdict judgment of acquittal. No ruling was made on either of these two motions before sentence was imposed. Nor does the record reflect any subsequent rulings on the motions. The failure of the trial court *563 to rule on these motions is an error patent on the face of this record.
LSA-C.Cr.P. art. 853 provides that a motion for a new trial must be filed and disposed of before sentence. Similarly, LSA-C.Cr.P. art. 821 provides that a motion for a post verdict judgment of acquittal must be made and disposed of before sentence. Counsel has alleged no specific prejudice arising out of the apparent failure of the trial court to rule on the motions. Nevertheless, it is preferred and the statutory provisions require that the trial judge rule on the merits of an application for a new trial or post verdict judgment of acquittal before imposing sentence on the defendant. See State v. Randolph, 409 So.2d 554 (La.1982), on rehearing.
Therefore, we vacate the sentence imposed upon defendant and remand his case to the trial court for a hearing and disposition of these outstanding motions.
SENTENCE VACATED AND CASE REMANDED.