WATKINS, Judge.
Ted Stevenson was originally charged by bill of information with possession of cocaine, in violation of LSA-R.S. 40:967, and possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966. He pled not guilty and elected trial by jury. On the morning of the trial, the charge of possession of cocaine was nolle prossed and the charge of possession of marijuana with intent to distribute was amended to a charge of distribution of marijuana, also a violation of LSA-R.S. 40:966.[1] A unanimous jury found the defendant guilty as charged. Subsequently, the prosecution filed a habitual offender bill of information; and, after a hearing, the defendant was adjudicated a multiple offender and sentenced to serve eighteen years at hard labor. He has appealed, alleging eight assignments of error. However, because of error patent on the face of the record, we find that the sentence imposed must be vacated and that this matter must be remanded to the trial court. Therefore, we do not reach the merits of the defendant’s assignments of error.
The scope of appellate review includes those errors discoverable by a mere inspection of the pleadings and proceedings. LSA-C.Cr.P. art. 920. The defendant was convicted on November 19, 1986; and a motion for new trial was filed on March 13, 1987. The minutes indicate that the hearings on the motion for new trial, habitual offender bill of information, and sentencing were scheduled for April 29, 1987. On April 29, 1987, only the habitual offender proceeding was taken up; and the trial court granted the state’s request for a continuance of this hearing. The minutes indicate that the habitual offender proceeding was continued to May 4, 1987, and that the hearings on the motion for new trial and sentencing were rescheduled for the same date. However, the transcript of the proceedings held on May 4 indicates that, immediately after the habitual offender proceeding was taken up and concluded, the defendant was sentenced without a ruling on his motion for new trial. The minute entry from May 4, 1987, also indicates that no action was taken on the motion for new trial.
LSA-C.Cr.P. art. 853 provides that a motion for new trial must be filed and disposed of before sentence. The failure of the trial court to rule on this motion is an error patent on the face of the record and requires that the sentence be vacated. El-Mumit v. Twenty-First Judicial District Court, 500 So.2d 414 (La.1987); State v. Randolph, 409 So.2d 554 (La.1981); State v. Magee, 496 So.2d 562 (La.App. 1st Cir.1986). Therefore, we vacate the sentence imposed upon the defendant and remand this case to the trial court for a hearing and disposition on his motion for new trial.
SENTENCE VACATED, REMANDED FOR HEARING AND DISPOSITION ON MOTION FOR NEW TRIAL.

. The court minutes do not indicate that the defendant was rearraigned after the prosecution amended the bill of information. Nevertheless, failure to rearraign the defendant was waived, since he did not object before trial. LSA-C.Cr. P. art. 555.