553 So.2d 934 (1989)
STATE of Louisiana
v.
Ronald L. SMITH.
No. 88-KA-1906.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before SCHOTT, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
Defendant, Ronald Smith, was charged with the crimes of armed robbery and attempted first degree murder. LA.R.S. 14:64; 14:27.D(3). A jury found him guilty as charged on both counts. Defendant filed a motion for a new trial and motion for appeal on March 16, 1988. On March 31, 1988 he was sentenced to serve thirty-five years at hard labor on each count, with the sentences to run concurrently. On the State's motion, the sentence was amended and it was ordered that the sentence be served without the benefit of probation, parole or suspension of sentence. In this appeal Smith relies upon six assignments of error in seeking a reversal of his conviction and sentence.[1]
Because of an error patent on the face of the record we must vacate the defendant's *935 sentence and remand this case to the trial court. La.C.Cr.P. Art. 920. We, therefore, do not comment on the merits of the defendant's arguments on the errors assigned.
Louisiana Code of Criminal Procedure Article 853 requires that the trial court rule on the merits of an application for a new trial before imposing sentence on the defendant. See: State v. Magee, 496 So.2d 562 (La.App. 1st Cir. 1986) citing State v. Randolph, 409 So.2d 554 (La. 1982) on rehearing.
The record reflects that a motion for a new trial was filed on March 16, 1988 and hearing on the motion was to be conducted on March 24, 1988. However, there is no indication in the record that the hearing was conducted or the matter was ruled upon, on that date or any subsequent date. The failure of the trial court to rule on this motion constitutes an error patent on the face of the record.[2]
Accordingly, we vacate the defendant's sentence and remand this case to the district court for a ruling on the defendant's motion for a new trial. We reserve unto the defendant the right to appeal his conviction and sentence at a later date if necessary.
SENTENCE VACATED AND CASE REMANDED.
NOTES
[1] Of the six assignments, four are pro se assignments of error.
[2] We also note another error patent on the face of the record in that the trial judge in amending the defendant's sentence did not specify that only the sentence for armed robbery was to be served without benefit of probation, parole or suspension of sentence. LA.R.S. 14:64.