ARMSTRONG, Judge.
Defendant, Floyd Gray, was indicted by bill of information for possession of cocaine with the intent to distribute, a violation of La.R.S. 40:967(A). Following a trial by jury he was found guilty of attempted possession of cocaine, a violation of La.R.S. 14:27 and R.S. 40:967(C). Defendant was subsequently sentenced to serve one year at hard labor. Defendant now appeals, raising two assignments of error.
Prior to sentencing defendant filed a motion for post verdict judgment of acquittal or in the alternative, for a modification of the trial court verdict. See La.C.Cr.P. art. 821. La.C.Cr.P. art. 821(A) mandates that this motion “be made and disposed of before sentence.” The trial court record does not reflect that a ruling on this motion was ever made. Although defendant did not raise this error on appeal, we notice it as an error patent under La.C.Cr.P. art. 920.
In State v. Randolph, 409 So.2d 554 (La.1982), the Louisiana Supreme Court vacated defendant’s sentence and remanded the case to the trial court for consideration of his motion for a new trial after finding the record devoid of any evidence that such motion had been disposed of before sentencing as mandated by La.C.Cr.P. art 853. Because the case was to be remanded for consideration of a motion which if ruled upon in favor of the defendant would render moot any consideration of his assignments of error, the court declined to address the assignments raised, instead specifically reserving to defendant his right to raise them again on appeal of his conviction and sentence should the trial court deny his motion for a new trial.
Faced with an identical error patent, this court followed the same procedure in State v. Smith, 553 So.2d 934 (La.App. 4th Cir.1989). See also in accord State v. Stevenson, 525 So.2d 281 (La.App. 1st Cir.1988). In State v. Magee, 496 So.2d 562 (La.App. 1st Cir.1986), the court noted as error patents, the trial court’s failure to dispose of either defendant’s motion for a new trial or his motion for a post verdict judgment of acquittal. Noting that each motion, by law, must be disposed of before the defendant is sentenced, the court followed Randolph, supra, and remanded the case to the trial court, pretermitting discussion of defendant’s assignments of error.
For the foregoing reasons, we vacate defendant’s sentence and remand this case for consideration of his motion. In the event of an unfavorable ruling on the motion, and resentencing, we reserve to defendant his right to appeal his conviction and sentence once more to this Court.
SENTENCE VACATED, CASE REMANDED.