614 So.2d 783 (1993)
STATE of Louisiana, Appellee,
v.
Harold JACKSON, Appellant.
No. 24523-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
Bobby L. Culpepper, Jonesboro, for appellant.
Richard Ieyoub, Jr., Atty. Gen., Baton Rouge, Walter E. May, Jr., Dist. Atty., Douglas L. Stokes, Asst. Dist. Atty., Jonesboro, for appellee.
Before HIGHTOWER, VICTORY and WILLIAMS, JJ.
HIGHTOWER, Judge.
Harold Jackson pled not guilty after being accused by bill of information with possession of cocaine with intent to distribute. LSA-R.S. 40:967. A jury nevertheless convicted him as charged. Subsequently, on April 13, 1992, following an earlier adjudication as a second felony offender, the district judge ordered incarceration for 15 years at hard labor.
Defendant now appeals, presenting numerous assignments of error. It is asserted, in one specification, that the lower court failed to rule on motions for new trial and post-verdict judgment of acquittal in advance of sentencing. Because that complaint requires vacating the sentence and remanding the case to the lower tribunal, we pretermit defendant's other contentions.
In pertinent part, LSA-C.Cr.P. Arts. 821 and 853 state:
Art. 821. Motion for post verdict judgment of acquittal
A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.

Art. 853. Time for filing motion for new trial

A motion for a new trial must be filed and disposed of before sentence. The court, on motion of the defendant and for good cause shown, may postpone the imposition of sentence for a specified period in order to give the defendant additional time to prepare and file a motion for a new trial. [Emphasis added.]
As can readily be observed, both articles mandate that the trial judge, prior to sentencing, rule on the motions. Moreover, failure to do so constitutes error patent necessitating that the sentence be vacated. El-Mumit v. Twenty-First Judicial District Court, 500 So.2d 414 (La.1987); State v. Randolph, 409 So.2d 554 (La.1981); State v. Gray, 562 So.2d 1171 (La.App. 4th Cir.1990); State v. Smith, 553 So.2d 934 (La.App. 4th Cir.1989); State v. Stevenson, 525 So.2d 281 (La.App. 1st Cir.1988); State v. Magee, 496 So.2d 562 (La.App. 1st Cir. 1986); State v. Blackburn, 444 So.2d 300 (La.App. 1st Cir.1983); State v. Gaspard, 433 So.2d 435 (La.App. 3d Cir.1983).[1]
*784 In the instant case, the record reflects that, following the jury's verdict on October 24, 1991, defendant filed motions for new trial and for post-verdict judgment of acquittal on December 12, 1991. Neither the minutes, nor transcripts of the habitual offender or sentencing proceedings, indicate that the district judge thereafter ruled on the motions. Accordingly, without commenting on the merits of the other assignments of error, we are compelled to vacate the sentence and remand for disposition of the two motions. Of course, if defendant receives unfavorable rulings, we reserve to him the right to appeal his conviction, and sentence if indeed appealable.
For the above reasons, defendant's sentence is vacated and the case remanded to district court for further proceedings according to law.
SENTENCE VACATED AND CASE REMANDED.
NOTES
[1] But see State v. Dorsey, 593 So.2d 1372 (La. App. 5th Cir.1992), wherein the fifth circuit, without reference to the abovementioned jurisprudence, equates the lack of a ruling to constructive denial of the motions. We, however, consider El-Mumit v. Twenty-First Judicial District Court, supra, and State v. Randolph, supra, to be controlling.