633 So.2d 357 (1993)
STATE of Louisiana
v.
Alvaro Miranda CAMOU.
No. 92 KA 2110.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
John D. Schoonenberg, Asst. Dist. Atty., Houma, for plaintiff and appellee, State.
William M. Dunckelman, Indigent Defender, Houma, for defendant and appellant, Alvaro M. Camou.
Before EDWARDS, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
The defendant, Alvaro Miranda Camou, and a codefendant, Lucy Ann Gregoire, were charged by bill of information with possession of two hundred grams or more, but less than four hundred grams, of cocaine, in violation of LSA-R.S. 40:967 C. The defendant pled not guilty and elected trial by jury. Immediately before trial, the trial court granted the State's motion to sever codefendant Gregoire.[1] After a jury trial, the defendant was found guilty as charged. He received a fine of $100,000 and a sentence of ten years at hard labor, with credit for time served. The defendant has appealed, alleging six assignments of error, as follows:
1. The trial court erred in granting the State's motion to sever the codefendant.
2. The trial court erred in overruling the defendant's objection to references to his inculpatory statement.
3. The trial court erred in allowing State Exhibit 9 to be introduced into evidence.
4. The trial court erred in denying the defendant's motion for a new trial.
5. The trial court erred in denying the defendant's motion for post-verdict judgment of acquittal.
6. The trial court erred in imposing an excessive sentence.
Assignments of errors numbers one and two were not briefed on appeal and, therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

PATENT ERROR
We note two patent errors, one of which requires that the instant sentence be vacated and the case remanded to the trial court. Accordingly, we do not reach the merits of the defendant's assignments of error. First, the bill of information contained an incorrect statutory citation for this offense: "LSA R.S. 40:967 A (2)." As noted above, the offense of possession of two hundred *358 grams or more, but less than four hundred grams, of cocaine is contained in LSA-R.S. 40:967 C. See also LSA-R.S. 40:967 F (1) (b). Nevertheless, error in the statutory citation shall not be grounds for dismissal of an indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464; State v. Jordan, 489 So.2d 994, 998 (La.App. 1st Cir.1986). The defendant did not object to this erroneous statutory citation, nor did he express any doubt as to the nature of the charge against him. The defendant was not misled by this erroneous statutory citation and, therefore, this patent error is not reversible.
However, the following patent error is reversible. La.C.Cr.P. art. 853 provides that a motion for new trial must be filed and disposed of before sentence. The failure of the trial court to rule on this motion is an error patent on the face of the record and requires that the sentence be vacated. State v. Stevenson, 525 So.2d 281, 282 (La.App. 1st Cir.1988). The minutes indicate that defense counsel filed a motion in arrest of judgment and a motion for new trial on December 3, 1990. On December 6, the trial court denied the motion in arrest of judgment. The following day, December 7, the instant sentence was imposed. The minutes do not indicate that the trial court ruled on the motion for new trial. Furthermore, in response to our order the record contains a written reply from the Terrebonne Parish Deputy Clerk of Court that there was no ruling on the defendant's motion for new trial. Therefore, we vacate the instant sentence and remand this case to the trial court for a hearing and disposition of the defendant's motion for new trial.
SENTENCE VACATED, REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.
NOTES
[1] The instant record does not reflect the disposition of the severed charge against codefendant Lucy Ann Gregoire. She is not a party to the instant appeal.