670 So.2d 713 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
William D. PYKE, Defendant-Appellant.
No. Cr95-919.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
*714 J. William Pucheu, Richard W. Vidrine, Ville Platte, State of Louisiana.
John Larry Vidrine, Eric LaFleur IDB, Ville Platte, William D. Pyke.
Before COOKS, DECUIR and GREMILLION, JJ.
DECUIR, Judge.
Defendant was charged by bill of information with attempted second degree murder, in violation of La.R.S. 14:27 and La.R.S. 14:30.1. After a trial by jury, the defendant was found guilty as charged in an eleven to one verdict. Defendant was sentenced to fifty (50) years at hard labor. This court reversed the conviction and sentence and remanded the case to the trial court for retrial after concluding there were instructional errors involving the very definition of the crime charged which violated the defendant's basic due process rights. See State v. Pyke, 93-1506 (La.App. 3 Cir. 5/4/94), 640 So.2d 460. During the retrial, the jury found defendant guilty of attempted second degree murder. Defendant was sentenced once again to fifty (50) years at hard labor. Defendant orally moved for reconsideration of the sentence which was denied by the trial court the same day. Defendant now seeks review by this court alleging one assignment of error.

FACTS
On or about February 22, 1992, Bryan Babineaux and several friends drove from Opelousas to Ville Platte to have a little fun. Prior to the incident Tyrone, from Opelousas, and Anthony Keith Griffin, from Ville Platte, got into an argument outside the Happy Hour Bar. This argument was carried over from an argument the prior weekend between Tyrone and someone from Ville Platte. Everything seemed to have settled down. However, after the bar closed and the parties left, several fights commenced between the individuals from Opelousas and several local residents. Bryan Babineaux was involved in an altercation with two or three individuals. These individuals jumped on, kicked, and beat up Bryan Babineaux. While Bryan Babineaux was lying on the ground from the beating he received, another individual walked up to him and shot him in the back. Bryan Babineaux, as well as several other individuals, identified the defendant, William Pyke, as the shooter.

ERRORS PATENT
After reviewing the record in its entirety, we find one error patent.
The error patent concerns the form of the indictment. The bill of information omitted the statutory citation for second degree murder. Nevertheless, error in the statutory citation shall not be grounds for dismissal of an indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La. Code Crim.P. art. 464. In State v. Camou, 633 So.2d 357, 358 (La.App. 1 Cir.1993), the court stated: "the defendant did not object to this erroneous statutory citation, nor did he express any doubt as to the nature of the charge against him. The defendant was not misled by this erroneous statutory citation and, therefore, this patent error is not reversible." In the present case, defendant did not object nor express any doubt as to the nature of the charge against him. Also, defendant *715 was retried pursuant to this court's ruling in Pyke, 640 So.2d 460. Therefore, defendant was not misled by the omission of the statutory citation.

ASSIGNMENT OF ERROR
By this assignment of error, defendant argues the trial court erred in imposing an excessive sentence which was prohibited by the Constitutions of the United States and the State of Louisiana.
In State v. Mims, 619 So.2d 1059 (La.1993), appeal after remand 626 So.2d 856 (La.App. 2 Cir.1993) the supreme court found:
Under Article 881.1 the defendant must file a motion to reconsider and set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence was excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.

Mims, 619 So.2d at 1059-1060.
When defense counsel orally moved for reconsideration of the sentence, he alleged the sentence was excessive and harsh. Defense counsel did not allege any specific ground regarding the sentence. Since defendant did not allege a specific ground, this court's review is limited to considering defendant's "bare claim of excessiveness". Mims, 619 So.2d 1059; State v. Scott, 634 So.2d 881, 883 (La.App. 1 Cir.1993).
In State v. Sepulvado, 367 So.2d 762 (La. 1979), the supreme court determined that Art. 1, § 20 of the Louisiana Constitution of 1974 authorized appellate review of individual sentences for excessiveness. The court in Sepulvado, supra, found that the statutory criteria set forth in La.Code Crim.P. art. 894.1 (1977) provided the appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.
The jurisprudence clearly indicates that to constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
La.R.S. 14:30.1(B) provides "[w]hoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence".
La.R.S. 14:27(D)(1) provides "[i]f the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years".
Defendant was sentenced to fifty (50) years at hard labor, the maximum sentence provided by law. The trial court gave the following written reasons which were also articulated when imposing the sentence:
BY THE COURT:
* * *
Your record shows that you committed and were convicted of some 10 or more misdemeanor offenses between November 27, 1990 and September 14, 1992, including Simple Assault and Battery on December 27, 1991; Unauthorized Use, July 23, 1992; *716 another Simple Battery on November 27, 1990. You also have pled guilty on April 29, 1994 to Aggravated Possession of a Controlled Substance in the 260th District Court, Orange County, Texas, and received a ten year sentence.
That certainly does not speak well for you, Mr. Pyke.
The trial of this case revealed that this was somewhat of a Chicago type of gang warfare, which brought about the shooting, something that shook the foundations of that section of Ville Platte known as "The Woods". You shot him in the back on February 22, 1992 at approximately 2:06 A.M. with a nine millimeter gun, after he had fallen to the ground and was still laying there after being beaten by others, as if he were some lowly animal, or reptile.
It is simply a miracle that you did not kill the victim, Brian Babineaux and that the doctors were able to save him. Even though you did not succeed in murdering him, you did a real good job at making him a cripple for life. This man will never recover from that wound you inflicted upon him. He had been accepted for military service and was supposed to leave shortly before the shooting to serve his country, but you took care of that and now he will never serve. You destroyed his chance to become a patriot, or a useful citizen in some other walk of life.
The victim, Brian Babineaux was struck in his lower back at the L-4 level, which initially brought about paraplegia but fortunately resolved itself to an extent to where he is not a paraplegic and had also lost his bowel and bladder function, which bowel function finally returned, and he no longer needs self-catherization [sic]. That nine millimeter bullet is still lodged in his body and he will carry it to his grave.
* * *
You have done unforgivable and irreparable damage to this man. You have ruined a human being's life.
Yes, Mr. Pyke, you have well earned your nickname"The Bull Of The Woods," although your act was a cowardly one. You can best be called a poltroon, and if you don't know what that is, I will tell youit is a mean-spirited and contemptible coward. That handle fits you perfectly.
The Court cannot classify this shooting in any other manner than being a violent, cruel, uncivilized, ruthless, hideous, dreadful, gangster type one.
There is absolutely no excuse for this type of barbarism in this modern day and age.
The victim was brutally shot in a manner worse than when you shoot a dog. You came within a hair of killing him.
Mr. Pyke, this causes that [sic] Court to raise an eyebrow and it cannot and will not ignore, wink at, or turn its head to such a despicable act of horror. This was a brutal, cold-blooded remorseless attempt to murder a fellow human being.
It is evident that you are a menace to society, and you are not fit to live with the good, honest, hardworking and peace loving folks of Ville Platte, Louisiana. You represent rebellion and chaos as opposed to law and order.
This Court cannot, in good conscience, permit you to roam the streets of Ville Platte. Our civilized society cannot tolerate this. We live under a government of laws, not under a government of men. Law orders and permits and forbids; it announces rewards and punishment. We cannot and the Court will not permit us to go back to the law of the jungle, or to the ancient days of Hammurabi where it was an eye for an eye, tooth for tooth, life for life. You have make [sic] a mockery of justice. Society despises men like you.
You are the personification of defiance of human control, depravity, disorder and evil, exactly the opposite of a good law, abiding citizen. Mister, you are bad news.
Further, the Court is of the firm opinion that a sentence lesser than the one which will be given to you would deprecate the seriousness of your horrendous crime.
Under LRS 14:27, the attempt statute, combined with LRS 14:30.1, the second degree murder statute, the maximum sentence *717 here is imprisonment at hard labor for no more than 50 years.
* * *
The Court opines that you are a threat and a serious one, at that, to civilization, and that your presence among other peaceful members of our society is unwarranted and prohibitive.
You have made an incredibly bad decision and you must pay the price for it. The sentence that this court will impose upon you is commensurate with your offense. The sentence will fit the crime. What you sow is what you reap.
You must understand, Mr. Pyke, that it is the function of this Court in sentencing to try to restore order and prevent chaos so that our people can lead as peaceful as possible lives and not exist in constant fear and confusion, as well as to punish.
The Court believes that this sentence will act as a deterrent to you, and will help to make the citizens more secure, and enjoy the good life they labor and sweat for. Others will see what happens to folks like you who seek and play havoc with, who devastate, who destroy, and who ruin the life, happiness and safety of others.
To reiterate, I have to carefully consider the severity of the present offense. I find that there is an undue risk you would commit a similar crime if the sentence would be lesser than the one I will give, and as aforesaid, a lesser sentence would deprecate the seriousness of this offense. I find no sufficient excusing or justifying grounds present, and I feel that you knew or should have known that your cowardly and egregious conduct would cause harm, and that it is likely to recur and that is why I will impose the below sentenceto serve as a deterrent from future criminal activity.
I find that the record in this case provides an adequate factual basis to support the imposition of my sentence.
* * *
Since the Pre-Sentence Investigation Report does not recommend a suspended sentence and probation, I don't have to justify my not giving it.
This Court firmly believes that you fully intended to kill this man, and that you did your best to do so. It was not your fault that he didn't die, because you obviously wanted him to die.
When you are serving your term within those gray prison walls, you will have ample time to reflect on what you did to Brian Babineaux, a fellow human being; that although you did not succeed in killing him, you've made him a hapless and wretched cripple for the rest of his life, preventing him from leading a normal life and hopefully becoming a useful citizen; and have forced him upon the public dole.
So, "The Bull Of The Woods" has been corralled and penned.
Maximum sentences are reserved for the most egregious and blameworthy of offenders. State v. LeBlanc, 578 So.2d 1036 (La.App. 3 Cir.1991), writ denied, 620 So.2d 833 (La.1993); State v. Mallett, 552 So.2d 28 (La.App. 3 Cir.1989), writ denied, 556 So.2d 1258, writ denied, 558 So.2d 567 (La.1990), citing State v. Telsee, 425 So.2d 1251 (La. 1983).
In the case sub judice, we find that the trial judge did not abuse his discretion in imposing the maximum sentence of fifty (50) years at hard labor. Defendant had an extensive arrest record and had prior misdemeanor convictions. Although defendant was classified as a first felony offender[1], the presentence investigation report indicates defendant had prior crimes against the person as a juvenile and as an adult. The sentence is commensurate with, rather than grossly disproportionate to, the severity of defendant's offense. The sentence is adequately particularized to this particular defendant in light of his particular crime. The penalty certainly does not shock our sense of justice. *718 The sentence makes a measurable contribution to acceptable penal goals and is not a needless imposition of pain and suffering, and the sentence is not "cruel, excessive, or unusual punishment." Thus, defendant's assignment of error lacks merit.

CONCLUSION
For the foregoing reasons the defendant's sentence is affirmed
AFFIRMED.
NOTES
[1] Defendant committed the Texas offense, aggravated possession of a controlled dangerous substancecocaine on March 23, 1993, after the commission of the present offense, attempted second degree murder on February 22, 1993, and was convicted of the Texas offense [guilty plea] on April 19, 1994, before the conviction of the present offense on November 2, 1994 [after retrial].