STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-199

STATE OF LOUISIANA

VERSUS

WAYNE PATTERSON

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 140119
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

James Edward Beal
Louisiana Appellate Project
P. O. Box 307
Jonesboro, LA 71251-0307
(318) 259-2391
Counsel for Defendant-Appellant:
Wayne Patterson

Charles A. Riddle  III
District Attorney, 12th Judicial District Court
Miche Moreau
Assistant District Attorney
P. O. Box 1200
Marksville, LA 71351
(318) 253-6587
Counsel for State-Appellee:
State of Louisiana

**PICKETT, Judge.**

## FACTS

On March 17, 2007, the twelve-year-old victim in this matter was at church to help his Sunday school teacher move the class materials to a larger classroom in another building. The defendant, Wayne Patterson, was passing by the church when he was stopped by the Sunday school teacher and asked to help move a broken bench out of the building. After moving the bench, the defendant's assistance was no longer needed and the Sunday school teacher thought he left the premises.

Later, the victim went to get cleaning supplies located in the back of the church near the men's restroom when he was approached by the defendant, a stranger to the victim, who pulled down his pants, exposed his penis and instructed the victim to suck it. When the victim attempted to get away, the defendant grabbed the victim on the hip and tried to pull him back. The victim was able to escape the defendant's grip and he ran to his Sunday school teacher and reported the incident.

On July 16, 2007, the defendant was charged by bill of information with molestation of a juvenile, a violation of La.R.S. 14:81.2. Following a bench trial held on November 27, 2007, the defendant was found guilty of indecent behavior with a juvenile.

On January 2, 2008, the state filed a habitual offender bill of information under a new docket number. The defendant was subsequently adjudicated a second felony offender following a hearing held on March 25, 2008. The defendant filed a motion for a new trial that same day which was heard prior to sentencing on May 12, 2008. The defendant's motion was denied, and he was sentenced to serve twenty years at hard labor with credit for time served. The defendant objected to the sentence, but

1

did not orally move or file a motion to reconsider sentence.

The defendant is now before this court on appeal, asserting that his sentence is illegally excessive. Separate appeals were filed for the two proceedings: docket number 09-199 is the underlying conviction, and docket number 09-201 is the habitual offender proceedings and sentencing. Subsequently, the defendant filed a Motion to Consolidate Appeals for Briefing Purposes. The motion was granted, and the appeals were consolidated for briefing purposes.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the records in docket numbers 09-199 and 09-201, we find there are no errors patent.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues that the trial court's imposition of a twenty-year sentence is an illegally excessive sentence. The defendant refers to La.R.S. 14:81(H)(1), which allows a maximum sentence of seven years. As such, the defendant contends that the maximum sentence pursuant to La.R.S. 15:529.1 for a second felony offender is fourteen years, not more than twice the maximum term.

The appropriate penalty, however, for which the defendant was convicted is found in La.R.S. 14:81(H)(2) which provides, "Whoever commits the crime of indecent behavior with juveniles on a victim *under the age of thirteen* when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years." (Emphasis added). The relevant portion of the habitual offender statute, La.R.S. 15:529.1(A)(1)(a), provides:

2

> If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction[.]

The sentencing range for the instant offense is twelve and one-half years to fifty years. As such, the defendant's twenty-year sentence is not illegally excessive.

The defendant also argues on appeal that his sentence is grossly disproportionate to the severity of the crime and serves no useful purpose. The defendant asserts that the reviewing court should look to the particulars of the crime and the individual defendant in determining whether a particular sentence is excessive. The defendant did not orally move or file a motion to reconsider sentence, and thus, is precluded from objecting to the sentence on appeal. La.Code Crim.P. art. 881.1(E). However, in the interest of justice, this court has chosen to review such an assignment as a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

In *State v. Semien*, 06-841 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397, this court stated:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615,

3

136 L.Ed.2d 539 (1996).

In *State vs. Telsee*, 425 So. 2d 1251 (La. 1983), the Louisiana Supreme Court named three factors that a reviewing court should consider in determining whether a sentence is constitutionally disproportionate:

1.   The nature of the crime,

2.   The nature and background of the offender, and

3.   The sentence imposed for similar crimes by the same court and other courts.

The nature of the offense in the instant case is particularly heinous, involving the purposeful exposure of the defendant's genitals to a twelve-year-old boy in a church setting. Even more atrocious was the defendant's demand that the victim participate in oral sex and the defendant's attempt to keep the victim from escaping. Additionally, the trial court noted that the defendant knew or should have known that the victim was particularly vulnerable due to his extreme youth and that the defendant used his position or status and relationship with the victim to facilitate the commission of the crime.

The trial court also addressed the nature and background of the defendant, the second *Telsee* factor. The trial court observed that the defendant's criminal history included a prior conviction in 1991 for indecent behavior with a juvenile. The trial court stressed the importance of his prior conviction in determining the sentence for the instant offense. The trial court believed that there was an undue risk that the defendant would commit another crime, that he was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the crime.

Additionally, at the habitual offender hearing, Milton Alexander with the

4

Probation and Parole office testified that he was supervising the defendant following his release from prison in January of 2007 on a conviction for aggravated battery. The defendant's supervision ended shortly thereafter upon his arrest for the instant offense on March 17, 2007.

We have reviewed recent jurisprudence for sentences involving similar crimes, the third and last factor to consider under *Telsee*. A 2006 amendment to La.R.S. 14:81 added an enhancement to the sentence for offenses committed on juvenile victims under the age of thirteen when the offender is seventeen years of age or older and was in effect at the time of the instant offense. This was enacted as La.R.S. 14:81 (H)(2). Prior to the amendment, only one penalty was in effect, a maximum sentence of seven years, and thus, the maximum possible sentence for a second felony offender, regardless of the juvenile victim's age, was fourteen years. As such, there are only a few reported cases involving the enhanced penalty for the offense committed on a juvenile victim under the age of thirteen.

Further, there are no cases after the 2006 amendment wherein the victim was under the age of thirteen and the defendant was sentenced as a second felony offender. In a decision prior to the 2006 amendment, *State v. Wallace*, 41,720 (La.App. 2 Cir. 1/24/07), 949 So.2d 556, the defendant was convicted of indecent behavior with an eight-year-old juvenile and then adjudicated a second felony offender. He was sentenced to the maximum fourteen years at hard labor. The defendant did not challenge his sentence on appeal.

In the instant case, the defendant's twenty-year sentence was less than one-half of the maximum possible sentence of fifty years. Considering the heinous nature of the offense and the defendant's past criminal history which included a prior

5

conviction for indecent behavior with a juvenile, we find that the trial court did not abuse its broad discretion in sentencing the defendant. Accordingly, the defendant's sentence is affirmed.

**AFFIRMED.**