WELCH, J.
1 ¡¡The defendant, Kelly B. Cockerham, was charged by bill of information with one count of attempted simple burglary, in violation of La. R.S. 14:62 and 14:27. He pled not guilty and, following a jury trial, was found guilty as charged. He timely moved for a new trial; however, the record *385 does not reflect that the trial court ruled on that motion. The trial court sentenced the defendant to six years imprisonment at hard labor, and the State then filed a multiple offender bill. After a hearing on the multiple offender bill, the trial court adjudicated the defendant a fourth-felony habitual offender, vacated the previous sentence, and resentenced him to twenty years at hard labor without benefit of parole, probation, or suspension of sentence, to be served concurrently with any other sentence being served.
The defendant now appeals, arguing five assignments of error, as follows:
1. The evidence presented was insufficient to prove that the defendant was the perpetrator of the crime for which he was convicted.
2. The trial court erred in failing to rule on the defendant’s motion for new trial before sentencing him.
3. The trial court abused its discretion in giving the defendant an excessive sentence.
4. The trial court erred in finding the defendant to be a fourth-felony offender when the multiple offender bill only prayed that he be found to be a third-felony offender.
5. The trial court erred in denying parole eligibility to the defendant when La. R.S. 15:529.1 provides only that the sentence is to be served without probation or suspension of sentence.
For the following reasons, the enhanced sentence imposed is vacated and this matter is remanded to the trial court.
FAILURE TO RULE ON MOTION FOR NEW TRIAL
The defendant assigns as error the trial court’s failure to rule on his motion for new trial. Immediately following the conclusion of the jury trial, the defendant | sorally moved for a new trial and advised the court that he would submit a written motion that would include the specific reasons. The defendant subsequently filed a written motion that set forth several grounds for a new trial[1] and he alleged that the verdict was contrary to the law and evidence. The trial court set the issue for a hearing on June 1, 2011. However, at the June 1 hearing, the trial court failed to rule on the motion for new trial, and sentenced the defendant to six years imprisonment at hard labor. At the same hearing, the State filed a multiple offender bill. A hearing on the multiple offender bill was held on October 5, 2011, at which time the trial court vacated the original sentence and resentenced the defendant to twenty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. The record reflects that at no time did the trial court render a ruling on the defendant’s motion for new trial. Furthermore, in response to a request from this Court, the record contains a written reply from the West Baton Rouge Parish Deputy Clerk of Court that confirms there was no ruling on the defendant’s motion for new trial.
Louisiana Code of Criminal Procedure Article 858 provides that a motion *386 for new trial must be filed and disposed of before sentence. The failure of the trial court to rule on this motion is an error to be considered under La.Code Crim. P. art. 920(2) and requires that the sentence be vacated. See State v. Camou, 633 So.2d 357, 358 (La.App. 1st Cir.1993); State v. Stevenson, 525 So.2d 281, 282 (La.App. 1st Cir.1988); State v. Magee, 496 So.2d 562, 563 (La.App. 1st Cir.1986). The defendant has alleged no specific prejudice arising out of the apparent failure of the trial court to rule on the motion. Nevertheless, it is preferred, and the |4statutory provisions require, that the trial judge rule on the merits of a motion for a new trial before imposing sentence on the defendant. See State v. Randolph, 409 So.2d 554 (La.1981) (per curiam); Magee, 496 So.2d at 563. Accordingly, we vacate the sentence imposed on the defendant and remand this case to the trial court for a hearing and ruling on his motion for new trial. We pretermit discussion of all remaining assignments of error raised by the defendant in his appeal.
For the foregoing reasons, the defendant’s habitual offender sentence is vacated, and this matter is remanded to the trial court for a hearing and ruling on the defendant’s motion for new trial. In the event of an unfavorable ruling on the motion, and resentencing, we reserve the defendant his right to appeal his conviction and sentence once, more to this court.
HABITUAL OFFENDER SENTENCE VACATED; REMANDED TO TRIAL COURT FOR HEARING AND RULING ON MOTION FOR NEW TRIAL AND FURTHER PROCEEDINGS AS NECESSARY.

. The defendant cited the following grounds for a new trial: he was made to speak in court over the objection of counsel, thus improperly implicating his Fifth Amendment rights; improper evidence of other crimes was placed before the jury; the prosecution made remarks to the jury that were neither relevant nor germane to the question of guilt or innocence, but were designed to inflame the passions of the jury and/or to appeal to the jury’s sympathy; and, during voir dire, there were challenges for cause made by the defendant that should have been granted by the trial court, and the defendant exhausted all of his peremptory challenges.