# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 24-504


**STATE OF LOUISIANA**

**VERSUS**

**TRISTAN ROMERO**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 2015-CR-1357
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## CLAYTON DAVIS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sharon Darville Wilson, Gary J. Ortego, and Clayton Davis, Judges.


**AFFFIRMED.**

**Honorable. M. Bofill Duhé, District Attorney**
**W. Claire Howington, Asssistant District Attorney**
**Louisiana 16th Judicial District Attorney's Office**
**300 Iberia St., Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Chad M. Ikerd**
**Ikerd Law Firm, LLC**
**Louisiana Appellate Project**
**600 Jefferson St., Suite 903**
**Lafayette, LA 70501**
**(337) 366-8994**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Tristan Romero**

**DAVIS, Judge.**

Defendant, Tristan Romero, was convicted of attempted first degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30; armed robbery with the use of a firearm, a violation of La.R.S. 14:64 and La.R.S. 14:64.3; and intimidating a witness, a violation of La.R.S. 14:129.1, on March 29, 2017. The State filed a habitual offender bill on March 30, 2017, seeking to have Romero sentenced as a multiple offender on the charge of armed robbery with a firearm. Romero had been previously convicted of aggravated assault with a firearm on August 29, 2009.

The trial court adjudicated Romero as a second offender on July 31, 2017, and sentenced him to seventy-five years at hard labor without benefit of probation, parole, or suspension of sentence. The trial court also sentenced Romero to fifty years at hard labor without benefits for attempted first degree murder and to twenty years at hard labor for intimidating a witness. The trial court ordered all sentences to be served concurrently.

On appeal, this court reduced Romero's conviction and sentence for attempted first degree murder to attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1, based on a double jeopardy violation. This court remanded the case for sentencing on the amended conviction and affirmed the convictions and sentences for armed robbery with a firearm and intimidating a witness. *State v. Romero*, 21-173 (La.App. 3 Cir. 12/15/21), 331 So.3d 444.

On March 24, 2022, the trial court sentenced Romero to the maximum sentence of fifty years at hard labor without benefit of probation, parole, or suspension of sentence for attempted second degree murder. The trial court ordered that term to run concurrently with the sentences imposed for armed robbery with a firearm and intimidating a witness. Romero objected to the sentence, but he did not

file a motion to reconsider or a timely appeal. Neither the record of this case nor the record of the original case, *Romero*, 331 So.2d 444, indicates any change to the seventy-five-year habitual offender sentence.

On November 27, 2023, Romero filed an application for post-conviction relief seeking an out-of-time appeal of his sentence. The trial court granted that request on July 30, 2024. Romero now contends his sentence for attempted second degree murder is excessive and, alternatively, his trial counsel was ineffective for not filing a motion to reconsider that sentence. For reasons set forth below, we affirm Romero's fifty-year sentence for attempted second degree murder.

## FACTS

This court set out the facts in Romero's earlier appeal:

During the trial, it was established that the victim of the attempted murder and robbery, Thaddeus Davis, was in the driver's seat of his car in line at the drive-thru at the Red Barn store in New Iberia, Louisiana, on May 25, 2015. Defendant and two other men entered Davis's vehicle. Defendant demanded Davis's money, but then shot Davis after he threw the money out of the car. The bullet struck Davis in the left arm and shoulder area. The three men then fled, without picking up the money Davis threw on the ground.

Mr. Dana Lopez was also in the drive-thru line at the Red Barn at the time of the shooting. He was a passenger in the vehicle in front of the one driven by Davis. Defendant later approached Lopez on the street, picked up a milk crate, told Lopez to keep Defendant's name out of his mouth, and put the crate down. Lopez later identified Defendant in a photographic lineup as the person who shot Davis.

*Romero*, 331 So.3d at 449.

## DISCUSSION

Maximum sentences, Romero argues, are reserved for the worst offenders who commit the most serious violations. *See State v. Morain*, 07-1207 (La. App. 3 Cir. 4/2/08), 981 So. 2d 66. He contends he shot the victim in the arm when he "had no obstacle to killing the victim if that was [his] true intention," and he shot the

2

victim more out of frustration rather than with the intent to kill. Thus, according to Romero, he is not a worst offender who committed a most serious violation, and the maximum sentence is excessive. To the contrary, this court previously found that Romero's "acts in pointing the gun at [the victim] and firing at close range, striking him in an area of the body that could have reasonably been fatal, were sufficient to support the finding of specific intent to kill." *Romero*, 331 So.3d at 456.

Defense counsel made a general objection when the trial court pronounced the maximum sentence for attempted second degree murder, but he did not state any ground for the objection or file a motion to reconsider. In *State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court explained that a defendant may not object to his sentence on appeal unless he timely filed a written motion to reconsider the sentence or orally set forth a specific ground for reconsideration at the imposition of the sentence. The written motion must be filed within thirty days of the imposition of the sentence or at a later date set by the trial court at the hearing. La.Code Crim.P. art 881.1(A). A defendant may make an oral motion to reconsider at the time of sentencing, but he must state specific grounds on which the motion is made. La.Code Crim.P. art 881.1(B). When a defendant fails to make or file a motion to reconsider or include a specific ground on which to base the motion, he is precluded from objecting to the sentence on appeal. La.Code Crim.P. art 881.1(E). *See also State v. Suydam*, 23-475 (La.App. 3 Cir. 2/28/24), 381 So.3d 867, *writ denied*, 24-441 (La. 11/20/24), 396 So.3d 69. Nevertheless, a defendant may still "receive a bare excessiveness review of his sentence based on defense counsel's general objection." *Id.* at 882.

A bare excessiveness review typically addresses the nature and background of the defendant, the nature of the offense, and sentences imposed for similar

offenses. *State v. Latique*, 18-622 (La.App. 3 Cir. 2/20/19), 265 So.3d 93, *writ denied*, 19-707 (La. 10/8/19), 280 So.3d 593. Like the defendant in *Suydam*, 381 So.3d 867, Romero raises claims here that would not be addressed in a bare excessiveness review.

Our bare excessiveness review goes hand in hand with Romero's allegation of ineffective counsel. We may consider the issue of counsel's ineffectiveness because the record contains sufficient evidence to make that determination. *See State v. Prudhomme*, 02-511 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324.

We first address whether the trial court would have reduced Romero's sentence if a motion to reconsider had been filed. *Id.* At the hearing, the State asked the trial court to sentence Romero based on the transcript already on file and to keep the original fifty-year sentence intact. That transcript showed Romero was previously convicted on August 27, 2009, of aggravated assault with a firearm and later absconded from his supervised parole. He committed armed robbery with a firearm on May 25, 2015. Romero's presentence investigation report (PSI) indicated seven prior arrests, all of which involved a firearm, and four of which were for violent crimes. In a statement Romero made for the PSI, he apologized, said his actions did not hurt anyone but his family, and did not think he should be punished for the rest of his life.

The original sentencing court found Romero showed a complete disregard for the life and safety of the victim. Firing the weapon was unnecessary; the victim made his money available before Romero shot him. The court found Romero "chose the lifestyle he did" and showed "a pattern . . . of his actions while on the street" and imposed the sentence for attempted first degree murder and intimidation of a

4

witness. It also denied defense counsel's oral motion to reconsider that sentence. On remand, the trial court imposed the same sentence as it originally imposed for attempted first degree murder.

Romero also contends his counsel was ineffective for failing to set forth a basis to object to the sentence or to file a motion to reconsider on grounds that the trial court failed to comply with La.Code Crim.P. art. 894.1 or ask if Romero or his counsel wanted to make a statement. A trial court need not articulate every aggravating and mitigating circumstance outlined in La.Code Crim.P. art. 894.1 when particularizing a sentence to a defendant. *State v. Smith*, 433 So.2d 688 (La.1983). Failure to comply with La.Code Crim.P. art. 894.1 does not require remand where the record shows "an adequate factual basis for the sentence imposed[.]" *State v. Lanclos*, 419 So.2d 475, 478 (La.1982). Additionally, the trial court does not have an affirmative duty to ask a defendant if he "has anything to say at a sentencing hearing." *State v. Davis*, 22-548, p. 10 (La.App. 3 Cir. 2/1/23), 355 So.3d 742, 750.

The record does not show a reasonable probability that the trial court would have reduced Romero's sentence for attempted second degree murder had a motion to reconsider been filed. Further, the trial court record factually supports the maximum sentence. The trial court did not abuse its discretion in imposing the maximum sentence. Romero's assignment of error alleging ineffectiveness of counsel lacks merit.

Next, we consider whether the sentence was excessive.

> A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. *State v. Bonanno*, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *State v.*

> *Hogan*, 480 So.2d 288 (La.1985). The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. *State v. Square*, 433 So.2d 104 (La.1983).

*State v. Lobato*, 603 So.2d 739, 751 (La.1992).

In *State v. Camese*, 00-1943 (La.App. 4 Cir. 7/11/01), 791 So.2d 173, *writ denied*, 01-2324 (La. 8/30/02), 823 So.2d 937, the defendant received a fifty-year sentence for attempted second degree murder. The defendant approached the victim's car as the victim stopped to insert his parking card into the security gate of his apartment complex. The defendant put a gun to the victim's head and demanded the car. When the victim tried to comply, the defendant shot him in the jaw. The fourth circuit concluded the facts of the case supported the sentence.

In *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713, the victim was lying on the ground after receiving a beating in a fight when the defendant shot him in the back. The defendant had an extensive arrest record with prior misdemeanor convictions, and he had committed a felony after the attempted second degree murder. The PSI indicated the defendant had a record of prior crimes against the person as a juvenile and as an adult. This court found the sentence was commensurate with, rather than grossly disproportionate to, the severity of defendant's offense and found the trial court did not abuse its discretion in imposing the maximum sentence of fifty years at hard labor for attempted second degree murder.

Here, the facts supporting the original conviction for attempted first degree murder did not change when the conviction was reduced to attempted second degree murder. Based on those facts, Romero's background, the trial court's reasons for imposing the original sentence, the habitual offender sentence running concurrently

6

with the seventy-five-year sentence, and the cases cited herein, we find the trial court did not abuse its discretion when it imposed the maximum sentence.

Accordingly, we affirm Romero's maximum fifty-year sentence for attempted second degree murder.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.