612 So.2d 293 (1992)
STATE of Louisiana
v.
Earnest SCOTT.
No. 92-KA-667.
Court of Appeal of Louisiana, Fifth Circuit.
December 29, 1992.
*294 Julie Cullen, Asst. Atty. Gen., Convent, for plaintiff-appellee.
Michael J. Poirrier, Pierre Part, for defendant-appellant.
Before GAUDIN, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
Defendant, Earnest Scott, was charged with possession of cocaine with the intent to distribute, a violation of La.R.S. 40:967 A(1). Defendant pled not guilty. Subsequently, counsel enrolled for defendant and filed several pre-trial motions. Additionally, two motions to continue were filed by defense counsel; these were granted by the trial court. Thereafter, new counsel was appointed for defendant. On the day set for trial, defendant filed a written motion to continue; this motion was granted by the trial court.
On October 21, 1991, an amended bill of information was filed, charging defendant with possession of cocaine with the intent to distribute (Count 1), a violation of La. R.S. 40:967 A(1), and with distribution of cocaine (Count 2 and 3), violations of La. R.S. 40:967 A(2). Defendant was re-arraigned *295 and pled not guilty to all counts. Trial was set for November 13, 1991.
On the trial date, defense counsel urged an oral motion for continuance; the trial court denied this motion. After a jury trial, defendant was found guilty as charged. The trial court ordered a pre-sentence investigation. Subsequently, defendant was sentenced to five years at hard labor, with credit for time served, on each count; said sentences were to run consecutive to each other. Defendant now appeals, urging three assignments of error.

FACTS
On August 3, 1990, St. James Parish Sheriff Deputy Larry Mayho working as an undercover narcotic agent went to Rosie's Bar in Convent, Louisiana. There he met Kevin Elder and asked if Elder knew anyone who was selling illegal drugs. Elder entered Mayho's vehicle. In the parking lot, Elder pointed out defendant, whom he called "Abel", as a possible seller. When Mayho called defendant "Abel", defendant approached the vehicle and Mayho asked if he had "anything to sell." Mayho purchased a bag of a white powder substance for $20.00. The men then left and rode to the Hilltop Bar where Elder left the vehicle. Later, after midnight, Mayho again saw defendant at Rosie's Bar parking lot and purchased another bag of a white powder substance he suspected was cocaine. Later, that evening, Mayho turned the bags over to another deputy.
On the evening of August 4, 1990, defendant was arrested in Rosie's Bar on a bench warrant from another parish. After a search of defendant, $215.00 in cash and a large bag containing a white powder substance were seized. After lab analysis, the white powder substances sold by and seized from defendant were confirmed to be cocaine.
On August 10, 1990, Officer Mayho was shown a single photograph of defendant, whom Mayho identified as the person who sold him cocaine on August 3 and 4. Subsequently, after the undercover operation was completed, defendant was arrested for the two drug transactions.
ASSIGNMENT OF ERROR NUMBER ONE
Did the trial court err in failing to grant defendant's motion for continuance?
DISCUSSION
By this assignment of error, defendant contends that the trial court erred in failing to grant his motion for continuance made on the day of trial. In his brief, defendant contends that the denial of this motion seriously prejudiced his ability to present an adequate defense.
In the brief, defense counsel argues that because he had been preparing for another trial he had not had an opportunity to discuss the defense with defendant herein, had not had an opportunity to meet potential witnesses, had not had an opportunity to subpoena witnesses and had not had an opportunity to develop a defense. Additionally, he contends that the amendment of the bill of information, only a month before the trial date, charging defendant with two more offenses complicated the trial strategy.
The granting of continuances is discretionary. A denial of a motion for continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice. La.C.Cr.P. art. 712; State v. Myers, 584 So.2d 242, 255 (La.App. 5th Cir.).
After reviewing the record and transcript the defendant has not made a showing of prejudice here. Defense counsel cross-examined the state's witnesses, called defense witnesses, and presented an alibi defense on defendant's behalf.
No specific prejudice has been made by defendant; thus, the trial court did not abuse its discretion in denying the motion to continue the trial.
This assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
Did the trial court err when it failed to acquit because of insufficient evidence?
*296 DISCUSSION
In his second assignment of error, defendant contends that the evidence introduced by the state was insufficient to support the verdict. Specifically, defendant's attacks the identification evidence.
Officer Mayho testified that the area where transactions occurred had adequate lighting. The officer met with defendant twice. Defendant, who was identified as "Abel", initially stood next to the officer outside the driver's side door of the vehicle. Both transactions occurred in the lighted parking lot of a bar. The men were face-to-face and nothing blocked the officer's view. The officer had an opportunity to clearly observe defendant.
When Officer Mayho told Detective Werner the drug seller's name was Abel, Detective Werner recognized the nickname as that of defendant, Earnest Scott. Several days after arresting defendant based upon a bench warrant from the Gonzales Police Department, Officer Mayho was shown a photo of defendant and asked if it was the same man who sold him cocaine on August 3 and 4; the deputy was not told that defendant had been arrested and as a result of finding cocaine in his possession was charged with possession of cocaine. Mayho positively identified defendant.
Moreover, the issue of identification was one for the jury. Obviously, the jury chose to believe the state's witnesses and reject defendant's testimony. Where there is conflicting testimony as to factual matters, the question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject in whole or part the testimony of any witnesses. State v. Agnelly, 515 So.2d 821 (La.App. 5th Cir.1987). The credibility of the witnesses will not be reweighed on appeal.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER THREE
Did the trial court err in imposing an excessive sentence considering the defendant's crime and past criminal conduct?
DISCUSSION
In this assignment of error, defendant argues that the imposition of defendant's three sentences consecutively rendered those sentences excessive. Specifically, he argues that defendant's three offenses occurred within a 24 hour period, thus, mitigating the severity of the offenses. He also argues that the trial court erred in considering the sheriff's office statement that there were pending charges against defendant.
Defendant is precluded from raising these issues on appeal because he failed to file a motion to reconsider his sentences as required by La.C.Cr.P. art. 881.1 D.
Nevertheless, we will address this issue here.
La.C.Cr.P. art. 883 provides that when the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. See Louisiana Sentencing Guidelines, Section 208 A. The fact that multiple convictions result from a single course of conduct does not necessarily require that the sentences be served concurrently. However, a judgment directing that such sentences be served consecutively requires particular justification. State v. Williams, 445 So.2d 1171 (La. 1984); State v. Lighten, 516 So.2d 1266, 1268 (La.App. 2nd Cir.1987).
Further, the Louisiana Sentencing guidelines provide that the sentencing court should consider the aggravating and mitigating circumstances, established in the Louisiana Sentencing Guidelines, Section 205 B and C, which may be present.
Herein, the facts of the offenses indicates that the three offenses arose out of three different acts or transactions. Although they occurred within a short time period to the same undercover agent, two different drug sales by defendant serve as the basis for the distribution of cocaine offenses. The possession of cocaine offense is based upon an entirely different *297 act by defendant. Thus, the offenses did not arise out of a single course of criminal conduct and do not warrant concurrent sentences.
Further, the record includes the trial court's reasons for the sentence imposed, particularity for imposing consecutive sentences. In those reasons, the trial court refers to the investigation report and notes that defendant had been persistently involved in similar offenses. The trial court further noted that the St. James Sheriff's Office Chief Deputy Dale Roussel stated that defendant was a career drug dealer, had made several other undercover sales that were still pending; Deputy Roussel also believed that defendant obtained substantial income from drug activities. The trial court also noted that defendant, a forty year old, had fathered fourteen children, did not care for or support any of his children and admitted that he had abused alcohol for 22 years. The trial court found that there was an undue risk that defendant would commit another crime, that defendant was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of the offenses.
Accordingly, this assignment of error lacks merit.
For the above reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.