683 So.2d 775 (1996)
STATE of Louisiana
v.
Kenneth WILSON.
No. 96-KA-251.
Court of Appeal of Louisiana, Fifth Circuit.
October 1, 1996.
Bruce G. Whittaker, Staff Appellate Counsel, Gretna, for Appellant Kenneth Wilson.
Jack Capella, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Appellee State Of Louisiana.
Before GOTHARD, CANNELLA and DALEY, JJ.
CANNELLA, Judge.
Defendant, Kenneth Wilson, appeals from his conviction of two counts of armed robbery and his consecutive sentences of sixty years at hard labor on each count. For the reasons which follow, we affirm the convictions, vacate the sentences and remand.
On the morning of July 17, 1994, a black male wearing a baseball cap and sunglasses entered the Time Saver convenience store located at 4115 Airline Highway in Jefferson Parish, Louisiana. After picking up a rose, the subject placed it on the counter and the cashier, Myra Guidroz (Guidroz), "rung him up." When she turned to collect the money for his purchase, the subject pointed a gun at Guidroz's face and said, "Give me your money. Give me all your money." Guidroz asked him to open a paper bag so that she could give him the money. After placing his gun down "to the side," the subject picked up a paper bag and Guidroz filled the bag with approximately $80. The subject picked up his gun and began walking away from the counter. After taking a few steps, he turned around, approached the counter and said, "I'm going to take this rose, too." After the subject picked up the rose and exited the store, Guidroz telephoned the police to report the robbery. She then walked to the door to lock it and observed the subject entering a "brand new" white Ford Taurus.
Subsequently, on July 19, 1994 at approximately 12:05 A.M., a black male wearing a baseball cap and sunglasses entered the Time Saver located at 2220 North Causeway in Metairie, Louisiana. He followed the cashier, Marlene Kennedy (Kennedy), as she walked behind the counter. When Kennedy turned around, the subject removed a gun from a paper bag which he had under his *776 arm. After "clicking" the gun, the subject pointed it at her and stated that he wanted all the money. Kennedy emptied the register of its contents of cash, currency and food stamps, totaling approximately $30, and placed them in the subject's paper bag. The subject then exited the store and Kennedy telephoned the police.
While walking in front of the store on the curb, the subject greeted a man approaching the store, John Straub (Straub). When Straub reached the store's door, Kennedy locked it and stated, "We're closed. I've just been robbed." Straub then walked around the corner of the store and observed the subject enter a white Ford Taurus with a temporary license plate.
Subsequently, Officer Ducos arrived at the Time Saver. After meeting with Kennedy and Straub, he "put out the local description" of the suspect and his vehicle. Shortly thereafter, Officer Faber stopped a vehicle fitting the description and within seconds Officer Reese arrived on the scene. The vehicle was occupied by a female and defendant. When Officer Ducos arrived on the scene, he advised the female and defendant of their rights. They both denied knowing anything about the robbery. However, Officer Ducos noted that defendant "was dressed in the same clothes that the robber had used." Officer Ducos also observed a baseball cap and sunglasses inside the vehicle. After Officer Reese recovered a loaded .380 caliber semi-automatic hand gun from the vehicle, Officer Ducos discovered a paper bag in the vehicle, but it did not contain anything. When Kennedy later arrived on the scene, she identified defendant as the perpetrator.
On July 26, 1994, Officer Tusa presented a photographic line-up to Guidroz and she identified defendant as the perpetrator of the July 17, 1994 armed robbery.
Defendant was charged, by bill of information filed on August 11, 1994, with three counts of armed robbery, in violation of La. R.S. 14:64. When arraigned on August 15, 1994, defendant entered a plea of not guilty to each charge. Defendant proceeded to trial on two of the counts (counts one and three) on March 22, 1995. Before commencement of trial, the trial court denied defendant's motion for a continuance and his motion to suppress identification. At the conclusion of trial that day, the jury returned a verdict of guilty as charged on both counts. On May 31, 1995, the trial court sentenced defendant to sixty years at hard labor without benefit of parole, probation, or suspension of sentence on each count. The trial court ordered the sentences to run consecutively and gave defendant credit for time served.[1] Defendant appeals, assigning four errors.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in denying appellant's motion for a continuance. On the morning of trial, appointed counsel addressed the trial court and stated that defendant would like the trial to be reset because he did not feel that his attorney had sufficient time to prepare an adequate defense (alibi) on his behalf. However, defense counsel did not present any specific details or particulars concerning what prejudice defendant was suffering as a result of having to go forward with the trial, for example, insufficient time to have subpoenas issued. The trial court noted that appointed counsel had replaced retained counsel on January 18, 1995, more than two months before trial. Further, when asked by the trial court if he was prepared for trial, counsel, noting that he had spoken to defendant for the first time only two days earlier, stated that he felt that he was prepared to adequately defend the case.
The decision to grant or deny a continuance lies within the wide discretion of the trial court. La.C.Cr.P. art. 712; State v. Martin, 93-0285 (La.10/17/94), 645 So.2d 190; State v. Scott, 612 So.2d 293 (La.App. 5th Cir.1992). The denial of a motion for continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice. State v. Scott, supra; State v. Myers, 584 So.2d 242 (La.App. 5th Cir.1991).
In the instant case, defendant has failed to show either that the trial judge abused his *777 discretion or how he was specifically prejudiced.
The trial judge inquired of defense counsel whether he was adequately prepared and counsel stated that he was. Counsel had been on the case for more than two months, although he had not spoken directly to his client until two days before trial. Defendant alleges no specific prejudice from the denial of the continuance. He alleges generally that his alibi defense was not sufficiently investigated, but does not specify in what way, if any, the defense fell short. We find that this assignment of error has no merit.
Defendant's remaining assignments of error relate to his sentencing and patent error review. Because our review of the record reveals an error which necessitates that the sentences be set aside as entered prematurely, defendant's assignments of error regarding the excessiveness of his sentence and the lack of articulation by the trial judge of the reasons for the sentence imposed are rendered moot and will not be addressed by the court.
The record reveals, however, that on the morning of sentencing, May 31, 1995, defense counsel notified the trial court that at defendant's request he was filing with the trial court a motion for post verdict judgment of acquittal, a motion in arrest of judgment and a motion for new trial. The former two motions are in the record, stamped as filed on May 31, 1995. The motion for new trial is stamped as filed on June 2, 1995. Therefore, the record indicates that all three motions were made prior to sentencing, although the motion for new trial may not have been filed until after sentencing. None of these motions have been ruled on.[2]
La.C.Cr.P art. 821 provides in pertinent that "[a] motion for a post verdict judgment of acquittal must be made and disposed of before sentence." La.C.Cr.P. art. 861 provides in pertinent part that "[a] motion in arrest of judgment must be filed and disposed of before sentence." La.C.Cr.P. art. 853 provides in pertinent part that "[a] motion for a new trial must be filed and disposed of before sentence." It has been held that sentencing prior to a ruling on these motions must be set aside and the case remanded for a ruling on the motions and then resentencing. State v. Randolph, 409 So.2d 554 (La.1981); State v. Brown, 620 So.2d 508 (La.App. 4th Cir.1993), writs denied, 625 So.2d 1062 (La.1993); State v. Magee, 496 So.2d 562 (La.App. 1st Cir.1986).
In State v. Magee, supra, the court ruled that the failure of the trial court to rule on defendant's motions for new trial and post verdict judgment of acquittal was error patent on the face of the record requiring the sentence to be vacated and the matter remanded for disposition of the motions and resentencing. The court in Magee noted that defendant had not alleged any specific prejudice arising out of the failure of the trial court to rule on the motion. Nevertheless, the court held that it was statutorily required that the court rule on the motions before imposing sentence.
Accordingly, we vacate the sentences imposed upon defendant and remand the case to the trial court for a hearing and disposition of the outstanding motions and subsequent resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; AND CASE REMANDED.
NOTES
[1] The state subsequently dismissed the remaining count of armed robbery.
[2] The record also indicates that a motion to reconsider sentence was timely filed and never ruled on, making an appeal of the sentence pre-mature.