ROBERT M. MURPHY, Judge.
|20n April 3, 2012, the District Attorney for St. Charles Parish filed a bill of information charging defendant, Derrick Pierre, with one count of possession with intent to distribute cocaine in violation of La. R.S. 40:967(A)(1), and one count of possession of a firearm while in possession of a controlled dangerous substance in violation of La. R.S. 14:95(E). After a trial by jury, defendant was found guilty as charged and sentenced to 25 years at hard labor on count one, with two years to be served without benefits, and to five years at hard labor on count two, without benefit of probation, parole or suspension of sentence, with the sentences to run concurrently. Defendant now appeals his conviction and sentence, alleging that the trial court abused its discretion in denying his motion for continuance, thereby violating his constitutional right to counsel of his choice, and that the trial court acted vindictively in imposing a 25-year sentence at hard labor after defendant refused to plead guilty before trial in return for a ten-year sentence at hard labor. |sFor the reasons that follow, we find defendant’s assignments of error to be without merit and affirm his conviction and sentence.
FACTS AND PROCEDURAL HISTORY
On or about February 1, 2012, the St. Charles Parish Sheriff’s Office (“SCPSO”) executed a search warrant at the residence of defendant based upon a confidential informant’s three separate purchases of heroin from defendant. As a result of the search warrant, narcotics were seized consisting of 40 pre-packaged baggies of off-white rocks, weighing 7.5 grams, and an additional 4.5 grams of off-white rock substance, all containing cocaine. SCPSO also seized a Glock, .45 caliber handgun, digital scales and $842 in cash from defendant’s *322 residence. Defendant was arrested and attorney David Moyer of the Indigent Defendant Board was appointed to represent him on February 2, 2012.
On April 10, 2012, defendant was arraigned, while accompanied by Mr. Moyer, and pled not guilty to both counts. During the arraignment hearing, the court removed Mr. Moyer as defendant’s counsel after learning that he was able to meet his $100,000 bond obligation. Accordingly, the court ordered defendant to hire private counsel, to which defendant responded, “[a]ll right” [sic]. However, on April 30, 2012, the court re-appointed Mr. Moyer after defendant had not hired private counsel because he informed the court that he could not afford to do so.
Defendant’s case was initially set for trial on July 16, 2012. The court subsequently re-set the trial date for August 20, 2012, at the defendant’s request, because the lab reports had not yet been released. On August 14, 2012, the trial date was again re-set because the State indicated that it had still not received the lab report. Accordingly, the court re-set the trial date for October 15, 2012. During a September 25, 2012 status conference, Mr. Moyer stated that all discovery had been satisfied. Defendant subsequently filed a motion to suppress |4on October 3, 2012, which was set for hearing on October 10, 2012. However, on the date of the hearing on defendant’s motion to suppress, the parties agreed to continue the hearing until the morning of trial, on October 15, 2012, because Mr. Moyer had not been able to get in touch with defendant in advance of the hearing.
On the morning of October 15, 2012, defendant and Mr. Moyer appeared in court for the motion to suppress hearing and trial. After Mr. Moyer made his appearance on behalf of defendant for the motion to suppress hearing, he informed the trial judge, Judge M. Lauren Lemmon, that defendant wanted to address the court regarding another matter. Defendant stated that he had hired private counsel, Harold E. Weiser, on October 12, 2012, the Friday prior to trial. Defendant then handed the judge a motion to continue prepared by Mr. Weiser, which requested a continuance of the trial due to Mr. Weiser’s conflicting hearing date in Jefferson Parish Juvenile Court. The motion to continue had not been filed into the court record, but defendant stated that Mr. Weiser had faxed the motion to the district attorney’s office on October 12, 2012. The State objected to any continuance of the trial date.
In evaluating defendant’s request for a continuance the court responded as follows:
THE COURT:
The trial has been scheduled for a long time. The case has been pending for a long time. I don’t have a formal motion to continue or a motion to enroll before me. And, if I did, and there was an attorney here, they could try the case today.
We’re going to proceed forward with the trial. You’ve had a court-appointed attorney. Let’s proceed with the motion to suppress at this time.
Defendant then asked for a brief recess to call Mr. Weiser, after stating that he did not feel that Mr. Moyer would represent him properly. When Judge Lemmon asked defendant why he felt this way, he stated, “I just don’t. I don’t feel like he’s Ingoing to represent me properly.” Judge Lemmon allowed defendant to call Mr. Weiser to tell him that they would be proceeding with the motion to suppress and trial. After defendant returned and informed the court that he had asked his girlfriend to retrieve his phone from his car to make the call, the hearing on defen *323 dant’s motion to suppress commenced without objection. At the conclusion of the hearing, the court denied defendant’s motion to suppress.
Following the hearing, the court indicated that it had received a call from Mr. Weiser, who claimed to have filed a motion to continue and a motion to enroll the previous Friday at 3:42 p.m. with the Clerk of Court’s Office and that he also faxed a copy to the District Attorney’s Office. In response to Mr. Weiser’s call, the court stated as follows:
THE COURT:
Well, assuming that it was filed properly, I’m going to respectfully deny the motion to enroll and continue at this time.
In addition to the fax already put in the record regarding dates and how old the case is and how many times it’s been set for trial on April 10th, because Mr. Pierre bonded out on a $100,000 bond, I tested his indigency and removed the Public Defender’s office as his attorney and afforded Mr. Pierre the opportunity to hire an attorney.
On April 30th, Mr. Pierre returned to court for the next court date and did not have an attorney and indicated that he could not afford one and I reappointed Mr. Moyer at that time and the Public Defendant’s office.
The law states that defendants, in criminal matters, are entitled to a court-appointed attorney but not an attorney of their choice. This is a common ploy to get out of going to trial. The matter has been set for a long time. There was no urgency or change in the last several months that it made it urgent on Friday afternoon to hire an attorney.
The State indicated that it had received a motion to continue via fax, but no motion to enroll from Mr. Weiser at 3:42 p.m. on October 12, 2012, but that the faxed motion had not been clocked in by the Clerk of Court’s office. Regarding defendant’s motion to continue, the court acknowledged that the motion had not 1 fibeen filed, but allowed it to be filed orally before again denying it in open court. Mr. Moyer objected to the court’s ruling and then trial proceedings commenced.
During opening statements, Mr. Weiser appeared in court and asked the court for permission to approach the bench. The court denied Mr. Weiser’s request, but allowed him to remain at counsel’s table throughout the trial. At one point during trial, Mr. Moyer moved for a mistrial related to a witness’s reference to “illegal drugs.” Both Mr. Moyer and Mr. Weiser approached the bench for a conference regarding the motion for a mistrial, after which the judge denied the motion, stating that she would instruct the jury to disregard the testimony regarding “illegal drugs.” Mr. Weiser informed the judge that he wished to file a formal motion for mistrial. Judge Lemmon told Mr. Weiser that she would allow him to do that at some point during trial, but not at that time.
Accordingly, Mr. Weiser filed a motion titled, “Contemporaneous Defense Objection to Judge Not Hearing Defense Motion and Motion for Mistrial” at 4:01 p.m. during trial. The motion alleged that Mr. Weiser moved the court for a continuance of the trial on October 12, 2012, but that the court refused to allow the motion to be filed on the morning of trial. As a result, the motion requested a mistrial because defendant was forced to go to trial without his counsel present. Judge Lemmon addressed Mr. Weiser’s motion at a bench conference. Judge Lemmon stated that, contrary to Mr. Weiser’s assertion, she did hear the motion to continue and denied it in open court. Further, Judge Lemmon stated that she allowed Mr. Weiser to re *324 main at counsel’s table to assist Mr. Moyer and told him that she would, and was still willing, to hear his motion for mistrial once the jury started deliberating. Although Mr. Weiser was not present during the bench conference, after he returned to the courtroom, the judge confirmed that Mr. Moyer informed Mr. Weiser of their discussion during the bench conference.
17After the jury began deliberating, the court noted that it told Mr. Weiser that the court would hear his motion for mistrial while the jury was deliberating, but that Mr. Weiser had left at some point during jury instructions. The State further noted that it had received a motion for continuance, which was filed by Mr. Weiser at 1:23 p.m. on the day of trial, October 15, 2012. The court once again took up the matter of the continuance and recounted its previous denial of the continuance.
At the conclusion of trial, the jury unanimously found defendant guilty as charged on both counts. Defendant, through Mr. Moyer, filed a Motion for New trial on October 29, 2012, which was denied. On November 26, 2012, defendant was sentenced to 25 years at hard labor on count one, with two years to be served without benefits, and five years at hard labor on count two, without benefit of probation, parole or suspension of sentence, with the sentences to run concurrently. Defendant filed a Motion for Reconsideration of Sentence, which was denied on January 22, 2013. On November 26, 2012, defendant filed a timely Motion for Appeal, which was granted on that date.
ASSIGNMENTS OF ERROR
Defendant raises the following assignments of error on appeal:
1. The trial court erred when it denied defendant’s motion for continuance and his constitutional right to retain counsel of his choice prior to the hearing on his pretrial motions and commencement of trial.
2. The trial court erred when it imposed a sentence of twenty-five (25) years at hard labor after appellant refused to plead guilty in return for a sentence of ten (10) years at hard labor.
LAW AND DISCUSSION

Assignment of Error No. 1

In his first assignment of error, defendant contends that the trial court erred in denying his motion to continue the trial date, which resulted in the denial of his | sconstitutional right to retain his counsel of choice to represent him during his pretrial motion hearing and at trial.
As an initial matter, we note that defendant’s motion to continue does not comply with the requirements of La. C.Cr.P. art. 707. The general rule under La.C.Cr.P. art. 707 is that motions for continuance must be made in writing and allege the specific grounds upon which they are based. Additionally, a motion for a continuance must be made within seven days prior to trial. Id. However, when circumstances producing the motion for continuance occur unexpectedly and there is no opportunity to prepare a written motion, there is a jurisprudential exception to the requirement for a written motion. State v. Malinda, 95-292 (La.App. 5 Cir. 10/31/95), 663 So.2d 882, 886.
In this case, defendant’s motion was not filed seven days before trial, and it was not made in writing at the time that the court first considered the motion. In fact, a written motion to continue was not filed until 1:23 p.m. on the day of trial, which was several hours after trial had already begun. Despite the lack of a written motion to continue, the trial court allowed *325 defendant to file the motion to continue orally. Therefore, we will now evaluate the trial court’s denial of defendant’s motion for continuance.
The decision to grant or deny a continuance lies within the wide discretion of the trial court. State v. Wilson, 96-251 (La.App. 5 Cir. 10/1/96), 683 So.2d 775, 776; La.C.Cr.P. art. 712. The trial court’s denial of a motion for continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice. Wilson, 683 So.2d at 776; State v. Benoit, 440 So.2d 129, 133 (La.1983). Moreover, the Louisiana Supreme Court generally declines to reverse convictions even on a showing of an improper denial of a motion for a continuance | flabsent a showing of specific prejudice. State v. Blank, 04-204 (La.4/11/07), 955 So.2d 90, 140, cert. denied, 552 U.S. 994, 128 S.Ct. 494, 169 L.Ed.2d 346 (2007).
It is well settled that a defendant in a criminal trial cannot force a postponement by a last minute change of counsel. State v. Divine, 98-812 (La.App. 5 Cir. 5/19/99), 738 So.2d 614, 617, writ denied, 99-2393 (La.2/4/00), 754 So.2d 222, cert. denied, 530 U.S. 1219, 120 S.Ct. 2227, 147 L.Ed.2d 258 (2000). “Absent a justifiable basis, ‘[t]here is no constitutional right to make a new choice of counsel on the very date the trial is to begin, with the attendant necessity of a continuance and its disrupting implications.’ ” State v. Bridgewater, 00-1529 (La.1/15/02), 823 So.2d 877, 896, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003).
In Divine, supra, this Court found no abuse of the trial court’s discretion in denying the defendant’s oral motion for continuance on the day of trial, based upon his recent hiring of another attorney. In denying the oral motion, the trial court noted that approximately two months had passed from the date of arraignment to the date of trial. The trial court concluded that the two month period was a sufficient amount of time for the defendant to retain new counsel prior to trial, if he chose to do so. In affirming the trial court’s decision to deny the defendant’s motion to continue, we emphasized that the attorney representing the defendant at the time of trial did not advise the trial court that he was unprepared for trial.
In reaching our holding in Divine, we relied upon the Louisiana Supreme Court’s holding in State v. Leggett, 363 So.2d 434 (La.1978). In Leggett, the Louisiana Supreme Court similarly affirmed the trial court’s denial of a defendant’s motion to continue trial to permit the defendant to retain private counsel, which was filed on the morning of trial. In denying the defendant’s motion to continue, the trial court considered the amount of time that had elapsed 110between the filing of the bill of information and the trial date, which was over two months.
In this case, Mr. Moyer, through the Indigent Defender Board, was appointed to represent defendant on February 2, 2012, which was one day after his arrest and two months before his arraignment on April 10, 2012. After testing defendant’s indigency and removing Mr. Moyer as his counsel at the arraignment, the trial court specifically gave defendant the opportunity to hire private counsel. Even though defendant agreed to hire his own counsel at the time the court removed his court-appointed attorney, he did not do so and later told the court at his next court date that he could not afford to hire an attorney. As a result, the court re-appointed Mr. Moyer on April 30, 2012. Mr. Moyer represented defendant from that point through the date of trial on October 15, 2012, which amounts to a period of over five months prior to trial. During that *326 time, defendant made eight court appearances, primarily consisting of status conferences, all of which, defendant attended with Mr. Moyer acting as his attorney.
Our review of the record shows that at no time prior to trial did defendant indicate that he wanted to hire private counsel. Rather, defendant presented an oral motion for continuance on the morning of trial, alleging that he had hired a new attorney on the Friday afternoon prior to trial, Mr. Weiser, who had a conflict with the trial date. Under the facts of this case, we find no abuse of the trial court’s discretion in denying defendant’s motion to continue. As shown above, a trial court’s denial of a motion for continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice. Given the length of time that defendant had to retain new counsel in advance of trial and that the request for continuance was first made on the morning of trial, followed by a written motion | n filed several hours after trial had begun, we cannot say the trial court abused its discretion in denying defendant’s motion for continuance.
Furthermore, defendant has made no showing of specific prejudice as a result of the trial court’s denial of his motion. Rather, defendant simply told the trial court that he did not feel Mr. Moyer would represent him properly, without further explanation. We find that the record indicates that Mr. Moyer was adequately prepared for the motion to suppress hearing and trial as demonstrated by his performance. Specifically, Mr. Moyer made numerous objections during the State’s direct examination of witnesses including moving for a mistrial, thoroughly cross-examined the State’s witnesses, and presented a defense. Just as in Divine, supra, there is no indication that Mr. Moyer was unprepared for trial.
We further find defendant’s claim that the trial court’s denial of his motion to continue the trial date was in error because he “had no idea that the hearing on motions would be held on the say [sic] day as trial” to be without merit. Contrary to defendant’s assertions, the record clearly shows that defendant was fully aware that the motion hearing was set for the morning of trial, as he was present in court on October 10, 2012, and responded affirmatively, when the hearing date was set for the same day as trial at his attorney’s request. Accordingly, we find that the trial court did not abuse its discretion in denying defendant’s oral motion for continuance filed on the morning of trial.
Nor do we find that the trial court’s denial of defendant’s motion to continue to allow Mr. Weiser to represent him deprived defendant of his constitutional “right to be assisted by counsel of his choice.” Both the federal and state constitutions provide that a criminal defendant has the right to counsel of his own choosing to defend him. Leggett, 863 So.2d at 436; State v. Reeves, 06-2419 (La.5/5/09), 11 So.3d 1031, 1055, cert. denied, 558 U.S. 1031, 130 S.Ct. 637, 175 L.Ed.2d 490 (2009). However, this right is not absolute and it must be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage of the proceedings. State v. Burbank, 07-125 (La.App. 5 Cir. 10/30/07), 971 So.2d 1173, 1178, writ denied, 07-2287 (La.4/25/08), 978 So.2d 364. A defendant’s right to counsel of his choice cannot be manipulated to obstruct orderly procedure in courts and cannot be used to thwart the administration of justice. Id.; Reeves, 11 So.3d at 1056.
In Leggett, supra, the Louisiana Supreme Court provided as follows:
There is no constitutional light to make a new choice of counsel on the very date the trial is to begin, with the attendant *327 necessity of a continuance and its disrupting implications to the orderly trial of cases. Once the trial day has arrived, the question of withdrawal of counsel rests largely within the discretion of the trial judge. State v. Cousin, 307 So.2d 326 (La.1975); State v. St. Amand, 274 So.2d 179 (La.1973), overruled on other grounds by State v. Ford, 336 So.2d 817 (La.1976). This court has frequently upheld the trial court’s denial of motions for continuances or -withdrawal of counsel made on the day of trial when defendant is dissatisfied with his present attorney but had ample opportunity to retain private counsel.”
(citations omitted) (emphasis added).
As we have discussed, defendant did not inform the court of his new choice of counsel until the morning of trial, immediately before his motion to suppress hearing. Although both defendant and Mr. Weiser indicated that Mr. Weiser filed a motion to continue and a motion to enroll on October 12, 2012, the Friday before trial, there is nothing in the record to support this contention. Rather, the record establishes that Mr. Weiser did not file a motion to continue or a motion to enroll until 1:23 p.m. on October 15, 2012—sever-al hours after trial had begun. Despite the lack of proper filing, Judge Lemmon allowed defendant to file a motion to continue orally on the morning of trial and denied said motion. Moreover, after | ]SMr. Weiser appeared in court, the judge allowed Mr. Weiser to remain at counsel’s table and informed him that she would hear any motion he wanted to argue while the jury was deliberating. However, Mr. Weiser left the courtroom during jury instructions.
Based on the foregoing, we find that defendant did not exercise his right to counsel of his choice at a reasonable time or manner, or at an appropriate stage of the proceedings. Because defendant does not have the constitutional right to make a new choice of counsel on the day of trial, we find no infringement on defendant’s right to counsel of his choice as a result of the trial court’s denial of his motion to continue. Accordingly, this assignment of error is without merit.

Assignment of Error No. 2

In his second assignment of error, defendant contends that the trial court acted vindictively in imposing a 25-year sentence, when the court had previously indicated that if defendant pled guilty pri- or to trial, it would impose a ten-year sentence. However, defendant did not raise this issue either by objection at the sentencing hearing, or in his December 20, 2012 motion to reconsider sentence. Defendant’s failure to raise this issue in the trial court arguably precludes him from raising the issue for the first time on appeal. State v. Harris, 10-492 (La.App. 5 Cir. 5/24/11), 66 So.3d 1180, 1183. However, due to the constitutional implications of the assigned error, we will review the merits of defendant’s claim.
Defendant was sentenced on November 26, 2012. Prior to sentencing, the State informed the trial court about defendant’s previous criminal record, which included a 2002 conviction for possession of stolen property; a 2004 conviction for possession of a semi-automatic handgun; a 2004 conviction for possession of cocaine for which he was given probation and was subsequently revoked; and a |142009 conviction for battery on a police office. Before imposing sentence, the court stated:
THE COURT:
Okay. Y’all know I’m a big proponent of second chances. You also know that I am a big proponent of people who have substance abuse problems and giving them treatment. What I haven’t made *328 clear, is that, repeat offenders and drug dealers, I’m not a big proponent of.
Mr. Pierre was given more than a second chance. I wasn’t here for that.
When it turns to violence and it turns to drug dealing, your chances are over, sir. There will be resources in jail. There will be opportunities in jail. And your life won’t be over at that time.
For count one, defendant faced a maximum possible sentence of 30 years at hard labor for his conviction under La. R.S. 40:967(A)(1), the first two years of which, are required to be served without benefits. For count two, defendant faced a maximum possible sentence of 10 years, without benefits, and a maximum fine of $10,000 for his conviction under La. R.S. 14:95(E). At the sentencing hearing, the trial court sentenced defendant to 25 years at hard labor on count one, with the first two years to be served without benefits, and to five years at hard labor on count two, without benefits, and ordered the sentences to run concurrently. Defendant was given credit for time served.
If a trial judge has agreed to impose a particular sentence pursuant to a plea bargain, as was the case here, this does not restrict that judge from imposing a more severe sentence if the defendant elects to go to trial and is convicted. State v. Aleman, 01-743 (La.App. 5 Cir. 1/15/02), 809 So.2d 1056, 1066, writ denied, 02-0481 (La.3/14/03), 839 So.2d 26.
The sentencing judge must nonetheless comply with constitutional standards, and the sentence should not be increased due to vindictiveness arising [ 1sfrom the exercise of the defendant’s right to stand trial. Id., citing State v. Frank, 344 So.2d 1039, 1045 (La.1977). “A judge’s disposition to impose a lenient sentence during plea discussions should not be understood as setting a limit for the justifiable sentence under accepted principles of criminal justice. The better view, we think, is that the plea proposal is a concession from the greatest justifiable sentence, the concession being made because of circumstances surrounding the plea.” Id. See also, State v. Barkley, 412 So.2d 1380, 1383 (“[A] trial judge’s preconviction offer of a lenient sentence should not be viewed as setting a limit for a justifiable sentence after conviction.”).
In Bordenkircher v. Hayes, 434 U.S. 357, 363-364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the United States Supreme Court stated:
To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person’s reliance on his legal rights is “patently unconstitutional.” But in the “give-and-take” of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecutor’s offer.
While confronting a defendant with the risk of more severe punishment clearly may have a “discouraging effect on the defendant’s assertion of his trial rights, the imposition of these difficult choices [is] an inevitable” — and permissible— “attribute of any legitimate system which tolerates and encourages the negotiation of pleas.” It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor’s interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.
(Citations omitted).
There is no evidence in the record, and defendant does not claim, that he was not *329 free to accept or reject the State’s plea offer. Defendant chose not to accept the offer, thereby taking the risk of a greater penalty upon conviction by a jury. Both 116sentences imposed were within the statutory limits, and in fact, were less than the maximum sentence defendant could have received. Therefore, we do not find that defendant’s sentences were the product of vindictiveness.
However, we note that during a pre-trial status conference on October 2, 2012, it was placed on the record that the State had offered defendant a plea bargain of ten years, with no multiple bill. Defendant’s counsel indicated that defendant did not want to accept the offer. At that time, the trial judge stated as follows:
THE COURT:
Mr. Pierre, this is your only notice to be here at a jury trial on the 15th. You are innocent until proven guilty. If you are found guilty, the policy of the Court is to sentence you to longer than what the offer is. I just want to make sure that you understand that. It’s not a threat. You are entitled to a trial. You will have it on the 15th.
We find the above-cited comments from a trial judge to be inappropriate, as they could be construed as establishing a practice of punishing any defendant who chooses to exercise his constitutional right to trial, rather than accepting a plea bargain, by imposing a longer sentence than that which was offered in a plea agreement. Although we have found that defendant’s sentence in this case was not the product of judicial vindictiveness, we do not condone the use of any language that could, under different circumstances, be construed as penalizing a defendant simply for exercising his constitutional right to trial.
ERROR PATENT DISCUSSION
We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review reveals that the trial judge did not advise defendant of the two-year prescriptive period for filing an application for post-conviction relief under Accordingly, we La.C.Cr.P. art. 930.8. advise defendant, by way of this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La.C.Cr.P. arts. 914 or 922. See State v. Neely, 08-707 (La.App. 5 Cir. 12/16/08), 3 So.3d 532, 538, writ denied, 09-0248 (La.10/30/09), 21 So.3d 272.
CONCLUSION
Accordingly, for the foregoing reasons, we affirm defendant’s convictions and sentences for possession with intent to distribute cocaine in violation of La. R.S. 40:967(A)(1), and possession of a firearm while in possession of a controlled dangerous substance in violation of La. R.S. 14:95(E).

AFFIRMED.

LILJEBERG, J., concurs without reasons.